MASSACHUSETTS BONDING & INSURANCE CO. V.
FARMERS & MERCHANTS' STATE. BANK, ET AL.

No. 7871. Decided May 20, 1942.
Rehearing overruled June 17, 1942.
(162 S. W., 2d Series, 657.)

*Chrestman, Brundidge, Fountain, Elliott & Bateman* and *L. E. Elliott,* of Dallas, for Massachusetts Bonding & Insurance Company, *C. W. Kennedy, Jr.,* of Crockett, for Grapeland State Bank, and *F. P. Granberry,* of Crockett, for Farmers and Merchants' State Bank of Grapeland, all plaintiffs in error.

It was error for the court to hold that the surety's assignment was void as to the banks. Hardin Lbr. Co. v. Shepherd, 40 S. W. (2d) 215; Marvin Safe Co. v. Ward, 46 N. J. L. 19; Caruth v. Caruth, 144 S. W. 300.

*Adams & Morgan,* of Crockett, and *J. E. Wheat,* of Woodville, for Citizens State Bank of Corrigan, and *Wheeler, Atchley & Vance,* of Texarkana, for W. S. Dickey Clay Mfg. Co., *Lee & Porter,* of Longview, *Aldrich & Crook* and *Joe Bailey Humphreys,* all of Crockett, and *Lynn B. Milam, Guthrie & Guthrie* and *Touchstone, Wight, Gomly & Price,* all of Dallas, for defendants in error.

The surety company is not entitled to participate in the distribution of the funds remaining on hand under its right of subrogation, exoneration or assignment, when those funds are insufficient to pay all of the materialmen and laborers. Metropolitan Casualty Ins. Co. v. Cheaney, 55 S. W. (2d) 554; Alexander v. Good Marble & Tile Co., 4 S. W. (2d) 636; 34 Tex. Jur. 802.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

H. M. Lowe, herein called contractor, entered into a contract with the City of Grapeland for the construction of a sewage system for the City. He executed a bond as required of contractors on public works by Art. 5160, Vernon's Civil Statutes, on which Massachusetts Bonding & Insurance Company was surety. The instant suit, as it reaches this court, involves controversies between the surety and various materialmen and laborers, as well as between the surety and various banks which made loans to the contractor to enable him to carry on the work. These controversies will be separately considered. The opinion of the Court of Civil Appeals is reported in 148 S. W. (2d) 1006.

We consider first the rights as between the surety and a number of materialmen and laborers furnishing material and labor entering into the construction project. When the improvements were accepted by the City there was owing by it upon the contract, including the retained percentages, more than $7,000.00. Claims for labor and material in the amount of more than $11,000.00 were filed against this fund pursuant to Art. 5472a, Vernon's Civil Statutes. Said claims were also filed against the bond pursuant to Art. 5160, but only a portion of them, totaling in amount $3,000.00, were filed in time to fix the liability of the surety under that article. It thus is made to appear that of the unpaid claims for labor and material a portion were secured both by the fund and the bond, while another portion were secured only by the fund. That fund, as noted, was insufficient to pay off all of the claims filed against it. The trial court refused to allow the claimants holding valid claims against both the bond and the fund to participate in the distribution of the fund, but awarded judgment on the bond against the surety in favor of all claimants who fixed their rights under the bond, and distributed the fund ratably

between the other laborers and materialmen. The Court of Civil Appeals affirmed that judgment.

The claimants whose right to participate in the fund were denied are not complaining here of the judgment. Presumably they are satisfied with their judgment against the surety. But the surety is complaining of that portion of the judgment denying such claimants' right to participate in the fund. It seems clear that it has the right to present that question for review, for the reason that had the claims which were allowed against it been permitted to participate in the fund, the recovery against it wuold have been materially reduced.

■ It is our view that the court erred in denying certain of the materialmen and laborers who had valid liens against the funds fixed pursuant to Art. 5472a, the right to participate in the distribution of such funds, merely because they also had fixed their claims against the surety on the bond pursuant to Art. 5160. It seems that the judgment of the trial court was made to rest upon some theory of marshaling. That doctrine cannot be made to apply to the fact situation before us, for the bond was not an asset of the contractor. The surety's liability was secondary, and it was entitled to the benefit of any lien which the claimants under the bond had upon the fund owing to its principal, the contractor. Had the surety been insolvent, it would hardly be argued that the laborers and materialmen who were sufficiently diligent to fix their claims against both the fund and the bond should be denied any participation in the fund. Should the fact that the surety is solvent alter the right of the parties? We think not.

■ The rule is correctly stated in 35 Am. Jur., Marshaling Assets and Securities, Sec. 14, as follows:

" 'A surety is not a 'fund' or 'security' in the sense in which those terms are used in connection with the principle of marshaling. A creditor cannot be compelled to satisfy his debt from the sureties of his debtor before resorting to a fund or collateral security on which he has a lien. Again, in the absence of some special equity, ths principle of marshaling assets is not applicable to a case where one of the funds is the property of a surety."

One of the cases cited in support of the text is Healy-Owen-Hartzell Co. v. Merricourt Equity Exchange, 164 Minn. 1, 204 N. W. 527, from which we quote the following excerpt:

" 'That argument ignores the fundamentals of the doctrine it invokes. First, the personal obligation of the surety is not considered a fund or security subject to equitable processes of marshaling. 18 R. C. L. 458. Next, were it otherwise, the primary fund here for the security of the ticket holder is the proceeds of the grain in the hands of the garnishee. The sureties have the right to compel the ticket holder to exhaust that *primary fund* before proceeding on the *secondary liability against* them. * * *.' "

This rule has been recognized and applied in this jurisdiction in the case of Metropolitan Casualty Co. v. Cheaney, 55 S. W. (2d) 554. While that opinion does not discuss the rule specifically, it does apply it to a fact situation similar to that before us.

For the error of the courts below in the ruling above discussed, the judgments of such courts, as between the surety and the various claimants to the fund and under the bond, will be reversed and the cause remanded.

There is a statement in the application for writ of error to the effect that the surety has discharged the judgments of the various claimants against it and has procured assignments of their claims to the fund. That matter does not sufficiently appear in the record for us to take cognizance thereof and we, therefore, remand this portion of the case to the trial court where the rights of the respective parties may be adjusted in the light of this opinion and in the light of the opinion in the Cheaney case, supra.

■ We consider next the case of the surety against Citizens State Bank of Corrigan, Grapeland State Bank and Farmers & Merchants' State Bank of Grapeland. The contract between the City and the contractor contained the following provisions:

"The contractor shall not assign this contract or any part thereof, or any moneys due or to become due hereunder, without the approval of the owner, nor without the consent of the surety unless the surety has waived its right to notice of assignment."

The application signed by the contractor for the bond contained an assignment to the surety, as security for the performance of all the obligations assumed by the surety, of all

percentages retained under the terms of the contract, and any and all sums that might be due on the contract at the time of any abandonment, forfeiture or breach thereof or any amount which might thereafter become due,

"* * * such assignment, to become effective as of the date of said contract bond but only in event of (1) any abandonment, forfeiture or breach of said contract or of any breach of said bond or bonds, * * * or (2) of any breach of the agreements herein contained; or (3) of a default in discharging such other indebtedness or liability when due."

The contractor began the performance of the contract in December, 1938, and completed same in June 1939. The project was financed with money furnished by the Federal Government and there was some delay in the receipt of the payments on the estimates. In order to carry on the project the contractor borrowed $6,000.00 from the Citizens State Bank of Corrigan in February, 1939, before any payment was received from the Federal Government, giving to such bank as security for the loan an assignment in the form of an order on the City of Grapeland. At various times during the prosecution of the work the contractor likewise borrowed money from the Farmers & Merchants State Bank of Grapeland, and as security therefor he executed and delivered to the City of Grapeland on April 27, 1939, an assignment to the said bank of $1,500.00 due the contractor by the City as of the estimate of May 1st thereafter. At the time of the payment of that assignment the contractor owed said bank a greater amount than that covered by the assignment. The contractor also became indebted to the Grapeland State Bank and as security therefor executed and delivered to the City an assignment dated May 11, 1939, in favor of said bank in the sum of $6,000.00 out of the first money thereafter to become due to him.

The indebtedness to the Corrigan State Bank was paid in full on March 18,1939, out of the proceeds of the first payment received by the City from the Federal Government. On May 17, 1939, the City, by virtue of the authority of the assignments executed by the contractor, paid $1,581.70 to the Farmers & Merchants State Bank and $3,903.45 to the Grapeland State Bank, which payments were applied upon the indebtedness of the contractor to the respective banks. Thereafter, the contractor was unable to procure funds with which to complete

the contract and the surety was compelled to provide the funds necessary to enable the contractor to complete same. It was determined after the project was completed that the surety had sustained a loss of $4,409.03. The surety in its suit against the banks proceeds upon the theory that it is entitled to recall from the money paid to said banks a sufficient amount to cover its loss.

The Court of Civil Appeals denied the right of the surety to any recovery against the banks on the ground primarily that the assignment by the contractor to the surety was void, because made without the approval of the owner, as provided in the portion of the contract above quoted. We find it unnecessary to decide whether such assignment was void in the sense that the banks might rely upon its invalidity as a defense to the cause of action asserted by the surety. This, for the reason that in our opinion the surety has no cause of action against the banks, even though the assignment be not void.

The cases relied upon by the surety (Hess & Skinner Engineering Co. v. Turney, 110 Texas 148, 216 S. W. 621, and Martin v. National Surety Co., 300 U. S. 588, 57 Sup. Ct. 531, 81 L. Ed. 822, do not support its claimed right of recovery. Those cases involved the question of the priority of assignments, a question not involved (certainly not controlling) in this case as regards the money paid to the banks. The contract contained this provision:

"(a) Not later than the 15th day of each calendar month, the Owner will make partial payment of the Contractor on the basis of a duly certified approved estimate of the work performed during the preceding calendar month by the contractor, but the Owner will retain 10 per cent. of the amount of each such estimate until final completion and acceptance of all work covered by this contract."

The Citizens State Bank of Corrigan was paid by the contractor out of the proceeds of the first estimate. The other banks were paid from money due the contractor under the third estimate. There had been no default in the performance of the work by the contractor at the time of any of such payments. The delay in paying for labor and material was not occasioned by the default of the contractor, but by delays in Washington. The contingency upon which the assignment, by its terms, was to become effective had not, therefore, arisen.

Besides, the City had no notice of any claim by the surety or by any materialmen or laborer. No claims had been filed with the county clerk under the provisions of Art. 5160. None of the banks had notice of any default on the part of the contractor or of any unpaid claims, or of the assignment held by the surety. All money paid by the City to the contractor or upon his order to the banks was due under the terms of the contract at the time such payments were made. The surety concedes that it has no cause of action against the City. That is correct, because the City paid the money in accordance with the terms of the contract and not in violation thereof. Since the payments were lawfully made they were likewise lawfully received and the banks are therefore under no obligation to return them. O'Neil Engineering Co. v. First National Bank of Paris (Com. App.) 222 S. W. 1091.

The trial court denied the surety any recovery against the banks and the Court of Civil Appeals affirmed the judgment. We concur, and accordingly affirm that portion of the judgment of the Court of Civil Appeals.

■ The final question for decision is presented by the Farmers & Merchants State Bank and Grapeland State Bank, each of which filed an application for writ of error. As noted above, neither of those banks has been paid in full. By cross action in the court below they sought judgment against the surety for the balance owing them by the contractor and in the alternative sought to share ratably with the other claimants in the fund in the hands of the City. The courts below correctly held that they were not entitled to any such relief. They merely loaned money to the contractor and did not obtain any assignment of the claim of any laborer or materialman. Under these facts it is well settled that they are not entitled to the relief sought. Employers' Casualty Co. v. Rockwall, 120 Texas 441. 35 S. W. (2d) 690; Employers' Casualty Co. v. Wolfe City, 119 Texas 552, 25 S. W. (2d) 320; Id. 35 S. W. (2d) 694; Hess & Skinner Engineering Co. v. Turney, supra; O'Neil Engineering Co. v. First Natl. Bank, supra. The judgment of the Court of Civil Appeals on this phase of the case will be affirmed.

The judgments of the Court of Civil Appeals and trial court are both reversed and remanded in part, as directed above, and in all other respects the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 20, 1942.

Rehearing overruled June 17, 1942.