### C. & L. SUPPLY CO. v. KEN-NERLY et al.

### No. 4871.

Court of Civil Appeals of Texas.
Beaumont.

April 16, 1953.

K. W. Stephenson, Orange, for appellant.

Graham Bruce, Orange, Alto V. Watson, Beaumont, for appellees.

PER CURIAM.

C. & L. Supply Company, a partnership composed of Grover Colburn and Tom H. Lowe, brought suit in the district court of Orange County against R. E. Kennerly, Francis W. Jenkins and The Norwood Company, a Texas corporation. It alleged that The Norwood Company was engaged in the construction of houses in an addition to the City of Orange; that Kennerly was the contractor doing the building for The Norwood Company and Jenkins was the president and general manager of The Norwood Company. C. & L. Supply Company was in the business of selling building materials and sold to Kennerly a large

amount of building materials for the construction of such houses; that Jenkins and The Norwood Company by oral agreement agreed to guarantee the payment for such building materials, under circumstances which made both of them liable to C. & L. Supply Company for the payment of Kennerly's unpaid accounts. It sued the two defendants for $26,497 as a debt and $5,000 attorneys' fees. The Norwood Company and Jenkins answered, presenting numerous exceptions to the petition and pleaded that the agreement sued on was oral and in violation of the statute of frauds and that it was barred by the two-year statute of limitation and also pleaded a general denial and various special denials. Kennerly filed an answer and also filed a cross-action against Jenkins and the Norwood Company asking for judgment against these two cross-defendants in the sum of $58,650.53, which was alleged to be the unpaid balance owing to him for building the houses for these cross-defendants. The Norwood Company and Jenkins answered such cross-action by special exceptions, general denial and various special denials.

The case went to trial to a jury and at the conclusion of the testimony on behalf of the plaintiff, C. & L. Supply Company, the court granted the motion of Jenkins and the Norwood Company for an instructed verdict. On an instructed verdict the court entered the following judgment:

"No. 10171

"C. & L. Supply Company
    v.
R. E. Kennerly et al.

In The District Court of Orange County, Texas

"Be It Remembered that on this the 2nd day of June, 1952, came on to be heard and considered a motion of the defendants Francis W. Jenkins and The Norwood Company for an instructed verdict, at the close of the evidence of the plaintiffs, C. & L. Supply Company, said motion having been made in open court and dictated to the court reporter, and in the presence of opposing counsel and the Court and the court reporter, with the agreement same could be later reduced to writing and filed with the papers in this cause, but limited to the grounds stated in court; and the Court having heard the argument of counsel upon such motion and considered the record, finds that as a matter of law the plaintiff has failed to raise an issue to go to the jury, and therefore the jury should be instructed as to the C. & L. Supply Company and its cause of action against Francis W. Jenkins and The Norwood Company, that the plaintiff, the C. & L. Supply Company, take nothing.

"It is therefore ordered, adjudged and decreed that the plaintiff, C. & L. Supply Company, as to the defendants Francis W. Jenkins and The Norwood Company, take nothing, and that all costs in this behalf incurred to date be taxed against plaintiff and the jury are so instructed to return their verdict, to which judgment and order of the court, the plaintiff in open court excepted.

"Rendered, entered and filed this 2nd day of June, 1952.

"F. W. Hustmyre-Judge Presiding."

C. & L. Supply Company gave notice of appeal, filed its appeal bond and duly filed its transcript and statement of facts in this Court within the required time for perfecting an appeal.

The judgment from which an appeal is attempted is not a final judgment and therefore no appeal can be taken therefrom. The judgment does not dispose of C. & L. Supply Company's suit against Kennerly, it does not dispose of Kennerly's cross-action against Jenkins and The Norwood Company. Under Article 2249, Vernon's Annotated Civil Statutes of Texas, an appeal may be taken to the Court of Civil Appeals from every final judgment of the district courts in civil cases. Accordingly except where it is otherwise provided by statute, an order, judgment or decree must possess the essential characteristics of finality in order that an appeal may lie therefrom. The object of the rule is to protect the courts and litigants from vexatious, frivolous and interminable appeals from numerous orders in the trial of causes. The wisdom of the rule has commended it to English and

104

American courts for so long a time "that the memory of a man runneth not to the contrary." Without the rule and a strict enforcement, an inextricable confusion, a vast amount of useless and unnecessary labor, a vast expenditure of money, an indefensible amount of time, and criminal delay in the preservation of rights or redress of wrongs would inevitably result. See the opinion by Justice Fly in Taylor v. Masterson, Tex.Civ.App., 231 S.W. 856; 3-A Texas Jurisprudence, pages 91 and 92 and cases cited.

When it appears from the record that the appellate court has no jurisdiction of the cause, it will dismiss the appeal on its own motion. It was not necessary here for us to search the record to determine that this Court has no jurisdiction of this attempted appeal. The reading of the pleadings and the judgment was sufficient to show that the judgment from which the appeal is attempted did not dispose of all of the parties and that it did not dispose of all the issues. It is apparent therefore that it is not a final judgment, and that this Court is without jurisdiction in this matter.

As was said in Diggs v. Kelly, Tex.Civ. App., 150 S.W.2d 444, 445, "It is our duty to dismiss the appeal on our own motion when the record discloses that we have no jurisdiction." See, also, 3-B Texas Jurisprudence, p. 193 and cases cited.

In accordance with the above rules the appeal is dismissed for want of jurisdiction.