**R. W. DUNN et al.**

v.

**Leon TILLMAN et al.**

No. 4998.

Court of Civil Appeals of Texas.

Beaumont.

Appeal Dismissed Sept. 23, 1954.

Motion for Rehearing Overruled
Oct. 20, 1954.

See also, Tex.Civ.App., 255 S.W.2d 933.

Musslewhite, & Thompson, Lufkin, for appellants.

Earl Sharp, Longview, Peavy & Shands, Lufkin, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal by R. W. Dunn and his wife, Sarah Frances Dunn, from a summary judgment in the District Court of Angelina County against them and in favor of Leon Tillman.

The appellants Dunn and wife brought suit for damages arising out of an automobile-truck collision, naming as defendants the said Leon Tillman and Maxey Haverland and Joe Ed Haverland. They alleged that Mrs. Dunn was injured in a collision between the car in which she was riding and a truck operated by Joe Ed Haverland and that Tillman was the owner of the truck; that Joe Ed Haverland was operating it as the agent, servant and employee of Tillman; they alleged in the alternative that Joe Ed Haverland was operating said truck as an agent and employee of a partnership of Tillman and Maxey Haverland, alleged to exist, in the ownership and operation of said truck. All three defendants answered, and in their answers all three denied that Tillman was the owner or operator of said truck.

Tillman filed a motion for summary judgment, alleging as grounds therefor that he was not the owner of the truck, nor in any way the employer of Joe Ed Haverland. The appellants Dunn and wife opposed the motion and also pleaded that Dunn was in the army of the United States and was serving in Japan. They moved for a stay of proceedings, because it was impossible for him to be present in court at the hearing on the motion and they alleged that it was necessary for him to be present to assist his attorney in preparing and presenting his defense to said motion. This motion to stay the proceedings was overruled by the court. Tillman then presented his motion supported by affidavits. At the conclusion of the hearing the trial court granted Tillman's motion for summary judgment, holding that there was no genuine issue of fact in said cause as to the liability of Tillman and rendered judgment that R. W. Dunn and Sarah Frances Dunn take nothing as against Leon Tillman. Dunn and his wife excepted and gave notice of appeal and have filed in this court a transcript of the proceedings, together with an appeal bond and statement of facts.

This court notices from the record that this summary judgment from which an appeal is attempted is an interlocutory judgment. The proceedings were brought under the provisions of Rule 166–A, Texas Rules of Civil Procedure, and said rule 166–A does not provide for a separate appeal from summary judgments rendered or refused which are interlocutory.

█ Suit was filed against Tillman and two other defendants and the judgment no where disposes of or attempts to dispose of the suit by Dunn and wife against the other two defendants. The summary judgment is but interlocutory, and is therefore not a final appealable judgment. This court has no jurisdiction to hear and determine such attempted appeal. Maxfield v. Dunagan, Tex.Civ.App., 254 S.W.2d 150. A judgment is not final so as to be subject to appellate review unless it disposes of all the parties in the case. C. & L. Supply Co. v. Kennerly, Tex.Civ.App., 258 S.W.2d 102 and cases cited.

Since the pleadings and the judgment here disclose the fact that this court is without jurisdiction, the appeal is dismissed.

█ The parties who seek to appeal from this interlocutory judgment are not

without a remedy, if the proceedings below were erroneous. The present action of the trial court will be incorporated in the final judgment of the court in the case and when a final judgment is reached, then the entire proceedings, including the matters disclosed by this record, will become subject to review therein.

Appeal dismissed.

WALKER and ANDERSON, JJ., concur.