Alberta· G. MYERS et al., Appellants,

v.

Earl SMITHERMAN et al., Appellees.

No. 12840.

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1955.

Lloyd & Lloyd, Alice, for appellants.

Perkins, Floyd & Davis, Kenneth Oden, Alice, Blakeley & Williams, Houston, for appellees.

NORVELL, Justice.

Upon further consideration of the question of this Court's jurisdiction in the light of the authorities cited in appellees' brief, we have concluded that the judgment from which the appeal is attempted is not a final judgment. There is a conflict of authority upon the point, but we regard the Supreme Court's action in refusing a writ of error in the case of Gallaher v. City Transportation Co. of Dallas, Tex.Civ. App., 262 S.W.2d 807, as definitely settling the matter in accordance with appellees' contention.

The action was brought by Alberta Myers, the surviving wife of Kelton E. Myers, individually and on behalf of her minor children, to recover damages sustained by reason of the death of her husband in an automobile collision. The plaintiffs impleaded the father and mother of the deceased in order that their rights might be determined, and asserted liability against Humberto Munoz, the driver of a Cadillac automobile which collided with the car driven by the deceased. She also sought damages against Earl Smitherman and Joseph W. Spillar. Her theory of recovery against these parties was that they had negligently entrusted the Cadillac automobile to Munoz, knowing that he did not have a license to operate a motor vehicle, or in failing to ascertain whether or not Munoz had such license. It was alleged that Smitherman was doing business as the Smitherman Motor Company, and that Smitherman and Spillar were operating as the Texas Motor Company.

Smitherman and Spillar, in the capacities in which they were sued, filed motions for summary judgment in accordance with the provisions of Rule 166-A, Texas Rules of Civil Procedure, based upon the contention that prior to the collision in question, Mu-

noz had purchased the Cadillac automobile from Texas Motor Company and that neither Smitherman nor Spillar was responsible for his negligent acts, if any, committed in connection with his operation of such automobile.

After a hearing upon such motions, the trial court entered an order sustaining the same. This order recites that Humberto Munoz is a party to the action but makes no disposition of the cause insofar as he is concerned. Insofar as Smitherman and Spillar are concerned, the order contains certain language usually found in final judgments, viz., "that plaintiffs * * * take nothing of or from defendants Earl Smitherman, individually, and doing business as Smitherman Motor Company and Texas Motor Company, and Joseph W. Spillar, individually, and doing business as Texas Motor Company, and that said defendants go hence with their costs without day, to all of which action of the Court the plaintiffs * * * then and there in open court objected and excepted and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District sitting at San Antonio, Texas."

 The cause of action against Munoz was severable from the causes of action asserted against Smitherman and Spillar, and the case of Richards v. Smith, Tex.Civ. App., 239 S.W.2d 724, supports the proposition that the judgment here involved is appealable upon the theory of an implied severance of causes of action. This apparently is in accordance with the holding of the Circuit Court of Appeals under the federal rules of procedure. Biggins v. Oltmer, 7 Cir., 154 F.2d 214; Zarati Steamship Co. v. Park Bridge Corporation, 2 Cir., 154 F.2d 377. However, the jurisdiction of this Court is controlled by constitutional and statutory provisions. Article 5, § 6, of the Constitution, Vernon's Ann. St., Article 1819, Vernon's Ann.Tex.Stats., and it is well settled that unless otherwise specially provided by law a judgment must be final in order to be appealable. Rule 166–A does not purport to effect a change in the rule stated but expressly sets out in subdivision (d) thereof, the procedures to be followed whenever the case is not fully adjudicated upon a motion for summary judgment.

In the present case, the judgment of the trial court made no disposition of Munoz nor the cause of action asserted against him, hence the judgment rendered upon the motions of Smitherman and Spillar is interlocutory in nature, Rule 301, and will remain such until plaintiffs' claim against Munoz is severed, dismissed or adjudicated.

There being no final judgment, the appeal is dismissed. Gallagher v. City Transport Co. of Dallas, Tex.Civ.App., 262 S.W. 2d 807, writ refused.

Appeal dismissed.