Hulen W. McCORMACK et al., Appellants,

v.

Al MORGAN, dba Al Morgan Auto Sales,
Appellee.

No. 15372.

Court of Civil Appeals of Texas.

Dallas.

Oct. 18, 1957.

John C. Walvoord, Jr., and E. A. Cade,
Dallas, for appellants.

Carrington, Gowan, Johnson, Bromberg
& Leeds, and Joe H. McCracken, III, Dallas, for appellee.

CRAMER, Justice.

This is an appeal from a summary judgment. The appellants' petition in District Court was filed by McCormack and wife for themselves and "on behalf of their children", naming their three children and their ages, six to ten years, against Al Morgan dba Al Morgan Auto Sales, as owner of an automobile, and Refugio Espino, driver of the car, seeking recovery for damages for personal injuries for himself and children growing out of a collision between an automobile traveling west in which appellants and their children were riding, and a Buick Convertible automobile traveling east, owned by Morgan Auto Sales and driven by Espino, at the intersection of Singleton Boulevard and Kingsbridge Road. The intersection in question was controlled by signal lights. As Espino entered the intersection he turned left (north) on Kingsbridge and the two cars collided head on in the intersection.

After this suit was filed and answered by Morgan, to which answer was attached the affidavit of Al Morgan, the trial court entered summary judgment that McCormack et al. take nothing and Morgan be discharged with his costs, etc.; from which judgment McCormack et al. perfected this appeal if such judgment is a final appealable judgment.

Appellee's contention in his motion is that the judgment sought to be appealed from is not a final judgment.

With this contention we must agree. The cause of action alleged by Mc-

Cormack is a joint and several cause of action against Morgan and Espino. The petition alleges liability on the part of Espino, the driver of the car, on the ground of his negligence in the operation of the vehicle; and liability on the part of Morgan, owner of the car, on the ground of negligent entrustment of the vehicle to Espino. Espino, having been a party to the suit, was not disposed of in the judgment and therefore such judgment is interlocutory only and not appealable. The transcript does not show a motion to sever or an order of severance. Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173.

For the reasons stated the motion is sustained and the appeal is dismissed for want of jurisdiction.