H. B. ROBB, Jr., Appellant,

v.

C. H. LEAVELL & COMPANY et al., Appellees.

No. 3359.

Court of Civil Appeals of Texas.

Eastland.

Jan. 10, 1958.

Rehearing Denied Jan. 31, 1958.

Harris, Anderson, Henley & Rhodes, Dallas, for appellant.

Kemp, Smith, Brown, Goggin & White, El Paso, Wm. Andress, Jr., El Paso, of counsel for appellees.

WALTER, Justice.

H. B. Robb, Jr., has appealed from a judgment entered by the 104th District Court of Taylor County sustaining a motion for summary judgment filed by the appellees, C. H. Leavell & Company and Dan R. Ponder, Inc. Appellant had filed suit against Gary H. Reid and Clayton Narramore, individually and doing business as Gary H. Reid and Associates, Gary H. Reid and Associates, Inc., a corporation, hereinafter referred to as the Reid group, and appellees for $25,000 allegedly due him under a contract he had with the Reid group. The Reid group were subcontractors under the appellees, who were the general contractors on a housing project. The appellant had furnished financial assistance to the Reid group in order that they could qualify with a bonding company for a performance and completion bond, and the Reid group agreed to pay him $25,000 out of the profits of this venture.

The pleas of privilege filed by the Reid group were sustained and the cause of action, in so far as they were concerned, was severed and an order was entered transferring it to Dallas County. So far as this record is concerned, no objection was made to the trial court's action in severing the causes of action and sustaining the pleas of privilege of the Reid group.

The appellees set out in their answer that they were the general contractors on the housing project and that if, after the completion of the subcontract and the payment of all bills for labor and materials, the subcontractor was due any money from them, it would be tendered into court. A pleading of similar import was filed by appellees in a Federal Court case. Appellees thereafter filed their motion for summary judgment and in substance alleged that no liability existed against them as a matter of law because of a provision in their contract with the Reid group, which is as follows:

"Section 18. The Subcontractor agrees not to assign this Subcontract or any money due, or to become due to the Subcontractor hereunder, without the written consent of the Contractor first had and obtained."

The appellant answered this motion by verifying his pleadings and filing an affidavit to the effect that the appellees had knowledge of the assistance he had furnished the Reid group and that the Reid group used money to pay labor and materials bills on said project rather than paying the appellant and that this constituted an equitable assignment of the funds due under the contract. He further set out that he had an equitable property right in the funds and he further contended that the pleadings of the appellees constituted a judicial admission of appellant's interest in said funds.

Points briefed by appellant are substantially as follows: (1) the finality of the judgment sustaining the motion and its appealability; (2) that genuine issues of fact were raised by judicial admissions, equitable assignment and by appellant's equitable property rights in the funds.

■■ Pursuant to Rule 41, Texas Rules of Civil Procedure, the trial court properly severed the causes of action and disposed of them by separate judgments. In the summary judgment entered in this case, it is provided:

"By separate order herein, the Pleas of Privilege of Defendants, Gary H.

Reid and Clayton Narramore, individually and doing business as Gary H. Reid and Associates, and Gary H. Reid and Associates, Inc., a corporation, have been sustained and the suit as to said Defendants ordered transferred to any one of the District Courts of Dallas County, Texas, thereby severing the suit against Defendants Gary H. Reid and Associates and Gary H. Reid and Associates, Inc., from the suit against Defendants C. H. Leavell & Company and Dan R. Ponder, Inc."

Appellant cites the case of Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173, 174, as authority for his contention that the judgment is not final and appealable. Judge Norvell, speaking for the Court in this case, said:

"In the present case, the judgment of the trial court made no disposition of Munoz nor the cause of action asserted against him, hence the judgment rendered upon the motions of Smitherman and Spillar is interlocutory in nature, Rule 301, and will remain such until plaintiffs' claim against Munoz is severed, dismissed and adjudicated."

This case is clearly not in point because the court was there dealing with a possible implied severance and not an express severance as we have in the case at bar. In the case now being considered we not only have an express severance of the causes of action, but we also have a judicial determination of the issues involved in two separate final and appealable judgments.

■ The appellant completely ignored Section 18 of the contract, above quoted. He does not by any method permitted by Rule 166–A make an issue on this defense asserted by the appellees in their motion. The pleadings of the appellees do not set forth admissions of any genuine issues of fact. Appellant's verified pleadings and affidavit do not raise a genuine issue of fact with reference to an equitable assignment, nor equitable property rights in the funds. See Massachusetts Bonding & Ins. Co. v. Farmers & Merchants State Bank, 139 Tex.

310, 162 S.W.2d 657; Central Nat. Bank v. Latham & Co., Tex.Civ.App., 22 S.W.2d 765. The appellant in his verified pleadings and counter-affidavit did not join issue with the appellees on the provision of the contract asserted by them in their motion or otherwise raise a genuine issue of fact. Therefore, the trial court was warranted in entering the summary judgment. The judgment of the trial court is affirmed.