**Lester G. HARRIS, Appellant,**

v.

**SUPERIOR INSURANCE COMPANY et al., Appellees.**

**No. 3439.**

Court of Civil Appeals of Texas.

Eastland.

March 20, 1959.

Smith & Pope, Abilene, for appellant.

Bradbury, Tippen & Brown, Abilene, M. Hendricks Brown and Walter E. Jordan, Fort Worth, for appellee.

COLLINGS, Justice.

Lester Harris brought suit against Superior Insurance Company, Rube Boyd and O. S. Leveridge to recover $4,000 damages for the loss sustained when his household goods were destroyed by fire on October 30, 1957. He alleged the breach of an oral contract to renew and keep in force an insurance policy covering the household goods, and acts and conduct which led him to erroneously believe that his property was covered by insurance. Plaintiff alleged that Boyd contacted him and induced him to give Boyd all of his insurance upon the promise that he, Boyd, would notify plaintiff of the dates of expiration of policies of insurance covering his property and keep them renewed. He alleged that in accordance with the agreement Boyd did secure the issuance by the defendant Superior Insurance Company of a $4,000 policy covering plaintiff's household goods for a period of one year; that Boyd was the duly authorized agent of Superior Insurance Company and was acting within the scope of his agency with said company and for the benefit of both himself and the company when he entered into the agreement with plaintiff. Plaintiff further alleged that O. S. Leveridge purchased the Boyd agency and thereafter upon inquiry an employee of Leveridge advised plaintiff that his household goods were fully covered with insurance, when actually the policy covering his household goods had been allowed to expire. Plaintiff alleged that on October 30, 1957, his household goods were destroyed by fire and were not covered by insurance. This suit was brought seeking judgment against the defendants for $4,000, the alleged amount of plaintiff's damages.

The district court sustained separate motions for summary judgment filed by Superior Insurance Company and O. S. Leveridge. Separate orders were entered decreeing that plaintiff recover nothing from said defendants. The court, in entering said orders or decrees, disposed only of the defendants, Superior Insurance Company and O. S. Leveridge, and did not specifically, or by implication, dispose of the defendant Rube Boyd, nor was there a severance as to the claim against him. Lester G. Harris has appealed from the summary judgment.

It is a well established general rule that an appeal will lie only from a final judgment and that a judgment which makes no disposition of the case as to one of several defendants, or as to some of the issues involved, either expressly or by implication, is not a final judgment from which an appeal may be taken. Rule 301, Rules of Civil Procedure; 3–A Tex.Jur. 99, 100, 102; Davis v. McCray Refrigeration Sales Corp., 136 Tex. 296, 150 S.W.2d 377; Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465; Hill v. Wheat, Tex.Civ.App., 304 S.W.2d 599; Texas Van Lines v. Templeton, Tex.Civ. App., 305 S.W.2d 646 (RNRE).

It is held that "A judgment is appealable only when it disposes of all parties or disposes of some independent severed, severable interest, issue or right." Maxfield v. Dunagan, Tex.Civ.App., 254 S.W.2d 150, 152. Appellant Harris sought a joint and severable judgment against Rube Boyd and the appellees Superior Insurance Company and O. S. Leveridge for the loss sustained when his household goods were destroyed by fire. The summary judgments for appellees made no disposition of the case as to Boyd, nor of the cause of action asserted against him. That portion of the case is still pending in the trial court. There was no severance as provided in Rule 41, Rules of Civil Procedure. The judgments were, therefore, interlocutory and not appealable until the claim against Boyd is either severed or finally determined. Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173; Gallaher v. City Transp. Co., of Dallas, Tex.Civ.App., 262 S.W.2d 807 (Writ Ref.); McCormack v. Morgan, Tex.Civ. App., 306 S.W.2d 439; Dunn v. Tillman, Tex.Civ.App., 271 S.W.2d 702.

Since the record discloses that there was no final judgment, this court is without jurisdiction, and it is our duty to dismiss the appeal on our own motion. Duke v. Gilbreath, Tex.Civ.App., 10 S.W.2d 412 (Writ Ref.); C & L Supply Co. v. Kennerly, Tex.Civ.App., 258 S.W.2d 102 and 3–B Tex.Jur. 193.

The appeal is dismissed.