**Mrs. Maxine M. COMPTON, Appellant,**

v.

**SPARKMAN–BRAND, INC., et al.,**
**Appellees.**

No. 15502.

Court of Civil Appeals of Texas.

Dallas.

May 15, 1959.

Lyne, Blanchette & Smith, and Erich F. Klein, Jr., Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman, Harold A. Bateman, Dallas, for appellees.

YOUNG, Justice.

This is an appeal from grant of summary judgment in favor of Sparkman-Brand, Inc., one of several defendants in her suit for damages allegedly resulting from the burial of the body of another in place of her deceased husband. Other defendants were American Airline Inc., and Robert Massie Funeral Home, Inc.; plaintiff asserting liability against all three defendants, jointly and severally as tort-feasors. As stated, Sparkman-Brand filed motion for summary judgment which, upon hearing,

was sustained in a judgment reciting that plaintiff take nothing as to Sparkman-Brand; the case now standing on the court's docket untried as to remaining defendants. Appellee Sparkman-Brand first moved for dismissal of the appeal for lack of jurisdiction; suggesting non-appealability of the order in question.

Said motion to dismiss must be sustained. It is well settled that where a summary judgment in favor of one of several defendants does not dispose of or attempt to dispose of the suit as to the remaining defendants, the judgment is not appealable. Of the numerous cases in point Gallaher v. City Transportation Co. of Dallas, Tex.Civ.App., 262 S.W.2d 807 (writ refused); and Dunn v. Tillman, Tex.Civ. App., 271 S.W.2d 702 need only be mentioned. But see also Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173; Minchen v. Murrah, Tex.Civ.App., 285 S.W.2d 372, (writ refused) and McCormack v. Morgan, Tex.Civ.App., 306 S.W.2d 439.

Richards v. Smith, Tex.Civ.App., 239 S. W.2d 724 and Riggs v. Bartlett, Tex.Civ. App. Dallas, 310 S.W.2d 690 are cited in support of the instant right of appeal. These cases will be examined. In the former, Richards, by bill of review had sued Smith and Gragg, and Smith's motion for summary judgment had been sustained; decision being reserved on the suit of Richards against Gragg. It was held that such a judgment was final and appealable, the cause of action against Smith and Gragg being *"severable* and neither was a necessary party in a suit brought against the other"; (emphasis ours) finality of judgment thus resulting from an implied severance of the action against Smith. In the latter case, Riggs had sued Bartlett in damages for alleged breach of an oral contract; also Dallas Brick and Lumber Company for cancellation of deed on grounds of fraud and duress. An interlocutory judgment by default had been noted against Bartlett; Dallas Brick and Lumber Company filing cross-action and

basing motion for summary judgment thereon, which was sustained, with consequent judgment for title and possession to the property involved. Plaintiff duly noted exception but appeal was not sought therefrom until much later, or when the damage claim against Bartlett was proven up. In the situation thus presented this court stated that "since the judgment rendered against F. E. Bartlett on February 26, 1957 was in an independent action *severable* from the action in which the summary judgment was rendered in favor of appellee Dallas Brick and Lumber Company on August 19, 1955, we hold that the latter was a final *judgment as of August 19, 1955."* Motion of the Brick Company to dismiss appeal was accordingly sustained, citing Richards v. Smith, supra, as principal authority.

Manifestly the cases just discussed are not in point. Appellant here alleges a joint and several liability against all defendants as joint tort-feasors with no express severance of the action as against Sparkman-Brand in the summary judgment proceedings or basis for any severance by implication. The situation here is identical with that reflected in McCormack v. Morgan, supra [306 S.W.2d 440]; Chief Justice Dixon of this Court stating: "The petition alleges liability on the part of Espino, the driver of the car, on the ground of his negligence * * * and liability on the part of Morgan, owner of the car, on the ground of negligent entrustment of the vehicle to Espino. Espino, having been a party to the suit, was not disposed of in the judgment and therefore such judgment is interlocutory only and not appealable. The transcript does not show a motion to sever or an *order* of *severance."*

Appeal dismissed.

NOTE:

It is the view of the writer that where, as here, a summary judgment is granted in favor of one of several defendants, an *express or actual severance of cause* is required before an appeal from such a judg-

ment can be maintained. The theory of finality of judgment perforce of an "implied severance" appears to have been first announced in Richards v. Smith, supra, and is in conflict with the long established rule of requiring a final judgment before right to an appeal is recognized. Because further proceedings are necessary before final judgment, after a partial summary order of the type under discussion is granted, no appeal lies from such interlocutory order unless provided by law and Rule 166–A, Texas Rules of Civil Procedure makes no provision for such an appeal. That there should be an actual severance is emphasized in Gallaher v. City Transportation Co., supra [262 S.W.2d 808]; the Court holding: "Here we have a lawsuit filed by appellant against two defendants. The case was styled and numbered. Appellant charged defendants on a basis of joint and several liability. The trial court by summary judgment dismissed the appellee. The case as originally styled and numbered is on the docket untried as regards the other defendant. It seems, therefore, that the situation here does not meet the test defining a final judgment. *It is possible that the cause against the two defendants is severable, and that appellant might sue the North Dallas Taxi Company independently of the appellee, but there has been no severance,* it is still one lawsuit on the trial docket, and we are therefore constrained to hold that there has been no final judgment disposing of all the parties. The appeal must therefore be dismissed. We have considered the various cases cited by both sides and have not found any directly on all fours with the instant case. We realize that it is possible that on appeal of entire case the trial court's ruling might be reversed as to appellee after the case against the other defendant has been heard by the trial court, which would leave appellant's case against appellee still untried as to the merits, while her case against the other defendant has been tried. But such situation results from appellee's action in electing to ask for summary judgment rather than pursuing other courses open to him, such as moving the trial court for an instructed verdict, etc., *and the failure of either party to sever.*" By express refusal of writ of error, our Supreme Court has approved above opinion as "correctly determined". Rule 483.

The soundness of Richards v. Smith has been questioned. See Myers v. Smitherman, Tex.Civ.App. San Antonio, 279 S.W. 2d 173, 174 from which I quote: "The cause of action against Munoz was severable from the causes of action asserted against Smitherman and Spillars, and the case of Richards v. Smith, Tex.Civ.App., 239 S.W.2d 724, supports the proposition that the judgment here involved is appealable upon the theory of an implied severance of causes of action. This apparently is in accordance with the holding of the Circuit Court of Appeals under the federal rules of procedure. Biggins v. Oltmer, 7 Cir., 154 F.2d 214; Zarati Steamship Co. v. Park Bridge Corporation, 2 Cir., 154 F.2d 377. However, the jurisdiction of this Court is controlled by constitutional and statutory provisions. Article 5, § 6, of the Constitution, Vernon's Ann.St., Article 1819, Vernon's Ann.Tex.Stats., and it is well settled that unless otherwise specially provided by law a judgment must be final in order to be appealable. Rule 166–A does not purport to effect a change in the rule stated but expressly sets out in subdivision (d) thereof, the procedures to be followed whenever the case is not fully adjudicated upon a motion for summary judgment. (2) In the present case, the judgment of the trial court made no disposition of Munoz nor the cause of action asserted against him, hence the judgment rendered upon the motions of Smitherman and Spillars is interlocutory in nature, Rule 301, and will remain such until plaintiffs' claim against Munoz is *severed, dismissed or adjudicated."* (emphasis mine).