**In re MESA INTERCONTINENTAL, INC., Debtor.**

**INTERFIRST BANK FANNIN, Plaintiff,**

**v.**

**M. Louis BERNELL, Defendant.**

**Bankruptcy No. 83–00879–H2–5.**
**Adv. No. 83–1658–H1.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 6, 1987.

James P. Keenan, Bracewell & Patterson, Houston, Tex., for plaintiff.

Mark C. Harwell, Morris & Campbell, a Professional Corp., Houston, Tex., for defendant.

MEMORANDUM OPINION

MANUEL D. LEAL, Bankruptcy Judge.

Pursuant to a ruling at a hearing on the motion of each party for summary judgment, all matters in this adversary proceed-

ing were resolved except one. The only issues pending before the court are whether the doctrine of marshaling of assets applies, and whether the plaintiff has the duty to marshal assets. This court concludes that marshaling of assets is inappropriate in this circumstance and that the plaintiff need not marshal assets as a matter of law.

## FACTS

The plaintiff, InterFirst Bank Fannin ("InterFirst"), and the defendant, M. Louis Bernell ("Bernell"), have stipulated to the facts. The court's understanding of the facts is based on the parties' Joint Stipulation of Facts as filed.

In 1981, Mesa Intercontinental, Inc. ("Mesa"), the debtor, became a tenant of a partnership owned in part by Bernell pursuant to a lease agreement and an option agreement. The option agreement gave Mesa an option, for a limited time, to acquire a certain partnership interest, in return for which Mesa extended a $200,000 loan to Bernell. The note evidencing the loan ("the Bernell note") provided that if the option was timely exercised, the loan would be considered a down payment on the option purchase price, and that if the option was not exercised, the Bernell note was to mature on June 30, 1983. Mesa did not exercise its option and the note matured and became due on June 30, 1983. Some payments by Bernell reduced the amount owed on the Bernell note and the parties stipulated that on August 2, 1982, there was an outstanding balance of $186,030 on the Bernell note.

InterFirst lent $200,000 to Mesa evidenced by a note ("the Mesa note"). As security for its loan, InterFirst took a security interest in the Bernell note and also procured the personal guarantee of Joseph Fontenot, the corporate president of Mesa. The Mesa note was renewed for $164,000 on October 1, 1982.

Bernell knew of the pledge of the Bernell note to InterFirst. InterFirst knew of the option agreement between Mesa and Bernell.

In 1982, the lease was assigned from the partnership to Bernell. InterFirst was not notified of the assignment. In early 1983, Mesa ceased paying rent and vacated the premises. Rent payments were accelerated and Bernell repossessed the premises.

On February 24, 1983, an involuntary petition was filed against Mesa and an order of relief was entered on May 12, 1983.

On June 1, 1983, the Mesa note went into default. On July 15, 1983, InterFirst foreclosed on the Bernell note, which it purchased for $167,824, the amount it was owed on the Mesa note. InterFirst notified Bernell of the foreclosure and demanded payment. Bernell has not paid on the note.

InterFirst has not sought to collect its debt on the Mesa note from the guarantor, Joseph Fontenot.

At the hearing on competing motions for summary judgment in this matter, this court announced its conclusion that InterFirst was not subject to the defense of setoff, consistent with Tex.Bus. & Com. Code section 9.318(a)(2). A final ruling was withheld until the parties were given an opportunity to brief, and until the court could consider, whether marshaling of assets applies. Bernell urges that marshaling applies and that, before InterFirst can collect from Bernell, InterFirst must pursue Joseph Fontenot on his guarantee. InterFirst urges that marshaling does not apply and that it may collect from Bernell.

## JURISDICTION

Bankruptcy adversary proceedings in the United States District Court for the Southern District of Texas are routinely referred to the bankruptcy court pursuant to 28 U.S.C. sections 157 and 1334 and pursuant to the Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* issued on August 9, 1984 by the Chief United States District Judge for the Southern District of Texas.

The bankruptcy court, as a federal court of limited jurisdiction, always has a responsibility to consider the question of its subject matter jurisdiction, whether raised by a party or *sua sponte*. 28 U.S.C. sec-

tion 157(b)(3). *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir.1985); *In re Kutner,* 656 F.2d 1107, 1110 (5th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982); *Broadway v. San Antonio Shoe, Inc.,* 643 F.Supp. 584, 585 n. 1 (S.D.Tex.1986); *Central National Bank v. Kwak,* 49 B.R. 337 (Bankr.N.D.Ohio 1985).

A recent Fifth Circuit opinion, *In re Wood,* outlines the procedure by which to determine the existence and extent of jurisdiction in a bankruptcy adversary proceeding. *Wood v. Wood (In re Wood),* 825 F.2d 90 (5th Cir.1987). First, the court must determine, pursuant to 28 U.S.C. section 1334, "whether the outcome of th[e] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood,* 825 F.2d at 93 (citation omitted). If the outcome of the proceeding could conceivably have any effect on the estate, the bankruptcy court has subject matter jurisdiction. 28 U.S.C. section 157 determines the character of the jurisdiction as core or non-core. Core matters are those enumerated in 28 U.S.C. section 157(b)(2)(A–O), and those matters that "implicate the peculiar rights and powers of bankruptcy." *In re Wood,* 825 F.2d at 96, relying on *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Core matters are those that intimately involve the debtor-creditor relationship, *Holland America Insurance Co. v. Succession of Roy,* 777 F.2d 992, 998 (5th Cir.1985), or those that must be resolved in order to administer the estate. *In re Paso Del Norte Oil Co.,* 755 F.2d 421, 425 (5th Cir.1985). Bankruptcy judges may hear, determine, and issue final orders in core proceedings. 28 U.S.C. section 157(b)(1).

■ This matter is a lawsuit between two parties, neither of which is the debtor. The outcome of the dispute could conceivably affect the estate in that it bears on the relationship between a creditor of the estate, InterFirst, and satisfaction of its claim. A creditor stands without a ruling on collection of its debt owed it by the debtor-in-bankruptcy. A resolution of this proceeding is necessary to finally administer this estate. Therefore, subject matter jurisdiction of this proceeding exists. In addition, and for the same reason, this dispute is an "other proceeding affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship". 28 U.S.C. section 157(b)(2)(O). This proceeding may be considered a core proceeding under the controlling *Wood* standard.

### MARSHALING OF ASSETS

The equitable doctrine of marshaling of assets was described by the United States Supreme Court as derived from "the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Sowell v. Federal Reserve Bank of Dallas, Texas,* 268 U.S. 449, 457, 45 S.Ct. 528, 530, 69 L.Ed. 1041 (1925). Later, the United States Supreme Court stated:

> In considering the relevance of the doctrine here it is well to remember that marshaling is not bottomed on the law of contracts or liens. It is founded instead in equity, being designed to promote fair dealing and justice. Its purpose is to prevent the arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security. It deals with the rights of all who have an interest in the property involved and is applied only when it can be equitably fashioned as to all of the parties.

*Meyer v. United States,* 375 U.S. 233, 237, 84 S.Ct. 318, 321, 11 L.Ed.2d 293 (1963). *See also Second National Bank of Houston v. Phillips,* 189 F.2d 115 (5th Cir.1951); *Merchants' & Mechanics' Bank of Columbus, Ga. v. Sewell,* 61 F.2d 814 (5th Cir. 1932); *Colvin v. Petree (In re Dan Hixson Chevrolet Co.),* 20 B.R. 108 (Bankr.N.D. Tex.1982).

■ The elements of the marshaling doctrine are:

1. The existence of multiple secured creditors of a single debtor; and

2. The existence of multiple funds belonging to a single debtor; and

3. One creditor alone may resort to all of the funds.

See *Peoples Bank of Tuscaloosa v. The Computer Room, Inc.* (*In re The Computer Room, Inc.*), 24 B.R. 732, 734 and 735 n. 5 (Bankr.N.D.Ala.1982). *See also Federal Land Bank of Columbia v. Tidwell* (*In re McElwaney*), 40 B.R. 66, 69 (Bankr.M.D. Ga.1984); *Whirlpool Corp. v. Plad, Inc.* (*In re Plad, Inc.*) 24 B.R. 676, 679 (Bankr. M.D.Tenn.1982); *United States v. Friend* (*In re A.E.I. Corp.*), 11 B.R. 97, 99 (Bankr. E.D.Pa.1981); *Karasik & Kolodney, The Doctrine of Marshaling Under the Bankruptcy Code*, 89 Comm.L.J. 102 (1984).

Marshaling of assets exists in Texas. *See In re Dan Hixson Chevrolet Co.*, 20 B.R. at 111 and cases cited therein at n. 4. *See also Massachusetts Bonding & Ins. Co. v. Farmers & Merchants State Bank*, 139 Tex. 310, 162 S.W.2d 657 (Tex.1942); 17 Tex.Jur.3d, *Creditors' Rights and Remedies* sections 64–73 (1979).

■ Marshaling of assets is at issue in the proceeding pending before this court because Bernell, an unsecured creditor, seeks to require InterFirst to marshal assets. Bernell seeks to compel InterFirst to collect on the Fontenot guarantee before it enforces the Bernell note against Bernell.

The first inquiries to be made must be whether the facts before this court satisfy the three elements of marshaling. This court concludes that the elements are not met.

Under the first requirement, there must exist multiple secured creditors of a single debtor. The majority view is that an unsecured creditor may not invoke the doctrine of marshaling of assets. Bernell is an unsecured creditor, and, thus, falls outside the class of creditors eligible to request this equitable relief. *In re The Computer Room, Inc.*, 24 B.R. at 735 n. 5. *See also The Edith* (*Poole v. Tyler*), 94 U.S. (4 Otto) 518, 523, 24 L.Ed. 167 (1876); *First National Bank of Boston v. Proctor*, 40 F.2d 841, 844 (1st Cir.1930), *cert. denied*, 282 U.S. 863, 51 S.Ct. 36, 75 L.Ed. 764 (1930); *In re C & B Oil Co.*, 72 B.R. 228, 229 (Bankr.N.D.Ohio 1987).[1]

Therefore, the first element is not met and the equitable relief requested may not be granted.

Under the second requirement, multiple funds must exist and belong to a common debtor. Bernell asserts that the two funds that exist are the Bernell note and the Fontenot guarantee. However, the personal guarantee of a principal is not considered a second fund for purposes of marshaling of assets. *DuPage Lumber*, 34 B.R. 737 (N.D.Ill.1983); *Coors of North Mississippi, Inc. v. Bank of Longview* (*In re Coors of North Mississippi, Inc.*), 66 B.R. 845, 866–69 (Bankr.N.D.Miss.1986); *In re Childers*, 44 B.R. 23, 26 (Bankr.N.D. Ala.1984); *In re Rich Supply House, Inc.*, 43 B.R. 68, 71 (Bankr.N.D.Ill.1984); *In re*

---

1. There is at least one case to the contrary. The Eighth Circuit invoked the marshaling doctrine in favor of a trustee in bankruptcy in order to compel the secured creditor to look to real estate mortgaged to it before it sought satisfaction from other assets of the corporate debtor. *Berman v. Green* (*In re Jack Green's Fashions for Men–Big and Tall, Inc.*), 597 F.2d 130 (8th Cir. 1979). *Jack Green's* relies heavily on an unpublished lower court opinion and unsatisfactorily disposes of the marshaling issue in a short paragraph. *See DuPage Lumber and House Improvement Center Co. v. Georgia–Pacific Corp.*, 34 B.R. 737, 741 (N.D.Ill.1983). The case has been met with severe criticism. *See Fundex Capital Corp. v. Balaber–Strauss* (*In re Tampa Chain Co.*), 53 B.R. 772, 779 (Bankr.S.D.N.Y.1985); *Federal Land Bank of Columbia v. Tidwell* (*In re McElwaney*), 40 B.R. 66, 72 n. 10 (Bankr.M.D.Ga. 1984); *The Committee of Creditors of Ludwig*

*Honold Mfg. Co. v. Central Penn National Bank* (*In re Ludwig Honold Mfg. Co.*), 33 B.R. 724, 728 n. 7 (Bankr.E.D.Pa.1983); *Whirlpool Corp. v. Plad, Inc.* (*In re Plad, Inc.*), 24 B.R. 676, 679 n. 2 (Bankr.M.D.Tenn.1982); *In re The Computer Room, Inc.*, 24 B.R. 732, 735 n. 5 (Bankr.N.D. Ala.1982); *Stuhley v. United States* (*In re United Medical Research, Inc.*), 12 B.R. 941, 943 (Bankr.C.D.Cal.1981); Weintraub & Resnick, *From the Bankruptcy Courts: Compelling a Senior Lienor to Pursue Remedies Against a Guarantor—A Misapplication of the Marshaling Doctrine*, 18 U.C.C.L.J. 178 (1985); Karasik & Kolodney, *The Doctrine of Marshaling Under the Bankruptcy Code*, 89 Comm.L.J. 102, 103 (1984). Because its reasoning is not clear and its result is contrary to the majority opinion and the commentators, this court finds it impossible to follow the Eight Circuit case.

*The Computer Room, Inc.,* 24 B.R. at 735 n. 3, 737; *In re Plad, Inc.,* 24 B.R. at 680; *In re A.E.I. Corp.,* 11 B.R. at 100; *Farmers & Merchants Bank v. Gibson,* 7 B.R. 437, 440–41 (Bankr.N.D.Fla.1980).[2]

Therefore, this court concludes that the second element is not met and the equitable relief requested may not be granted.

The third element requires that one creditor alone may resort to all of the funds. It is not disputed that InterFirst may look to either the Bernell note or the Fontenot guarantee. Bernell, however, simply seeks to prevent collection on the Bernell note. Thus, it is hardly logical to consider that Bernell has resort to one fund. Rather, he seeks to prevent satisfaction from the note upon which he is obligated. Thus, the third element is not met and the equitable relief requested may not be granted.

■ In addition to the failure of Bernell to succeed on the marshaling claim on its merits, this lawsuit suffers from another deficiency. Bankruptcy Judge David W. Houston, III denied relief in a similar but not identical situation. In that case, the party urging marshaling of assets failed to make a party to the lawsuit the shareholder who held the fund to which only the secured creditor could look. *In re Coors of North Mississippi, Inc.,* 66 B.R. at 869. In this proceeding, the guarantor, Joseph Fontenot, is not before the court. To direct that InterFirst satisfy its claim against the absent guarantor, Fontenot, "without even the benefit of the service of a summons ... would amount to an absolute denial of due process of law." *In re Coors,* 66 B.R. at 869.

### CONCLUSION

This court concludes that marshaling of assets is inappropriate in this adversary proceeding because the facts on which this lawsuit was brought do not satisfy the requirements of the marshaling doctrine.

---

**2.** There is an exception to the "common debtor" rule, where, for instance, the shareholder has treated the corporation as an "alter ego", thus giving cause for the court to pierce a corporate veil to hold the stockholder liable for the obligation of the corporation. *See e.g. DuPage Lumber,* 34 B.R. at 740; *In re Coors of North Missis-*

Therefore, this court orders that judgment is granted for the plaintiff, InterFirst. The pending adversary file is ordered closed as of thirty days hence unless, within that time, any interested party files a proper, written pleading showing why it should not be closed.

*sippi, Inc.,* 66 B.R. at 866–69. However, no such facts have been brought before this court to support any reason to consider the guarantee a fund of the debtor. In any case, this is not the only deficiency and the other marshaling requirements are not met under the facts before this court.