JOHN C. WINSTON CO., Appellant,

v.

F. S. BARRETT, dba Barrett Distributors, et al., Appellees.

No. 3682.

Court of Civil Appeals of Texas.
Waco.
Nov. 12, 1959.

Ross Carlton, Dallas, for appellant.

Fowler Roberts, Dallas, for appellees.

TIREY, Justice.

This is an appeal from a summary judgment. Appellant brought suit originally against F. S. Barrett, doing business as Barrett Distributors, on a sworn account. Barrett seasonably filed his sworn answer in which he set up both the four year and two year statute of limitations; thereafter, on August 23, 1958, plaintiff filed its first amended original petition in which it again set up a claim against Barrett on a note and open account; the plaintiff in the same pleading undertook to allege a cause of action grounded on a written contract against appellee, Irwin, herein. The amended petition was not sworn to, either as to the cause of action alleged against Barrett nor Irwin. Plaintiff did not ask for a joint judgment against defendants, Barrett and Irwin, but sought judgment against Barrett only for the amount of the note described in the petition and the alleged open account; plaintiff sought judgment against Irwin only for the full amount of which he has heretofore failed and refused to account or remit for. Appellee, Irwin, seasonably filed his original answer which contained a general denial and he prayed that plaintiff take nothing against him, and that he be discharged with his costs. Thereafter, on November 5, 1958, Irwin filed his motion for summary judgment, which motion set out in detail the circumstances existing between him and the appellant, and in this motion he specifically set out that there was no genuine issue as to any material fact between him and the appellant, and specifically set out that the contract referred to in the plaintiff's petition was not between him and the appellant, and that it did not obligate him in any manner to the appellant, but on the other hand, that the contract, insofar as he was concerned, was only between him and the defendant, F. S. Barrett. He filed a supporting affidavit to this motion in which he set out the contract referred to in the appellant's amended pleading, and this supporting affidavit specifically stated that appellee had accounted to F. S. Barrett fully for all the duties and obligations required of him by his contract with Barrett, and this affidavit shows that Irwin is not indebted to Barrett or appellant in any respect whatsoever.

Appellant did not see fit to controvert the affidavit of appellee supporting his motion for summary judgment, nor did he file any written pleading whatsover to the original answer and pleadings filed by appellee, Irwin. The judgment recites that all parties appeared in court and announced ready for trial on appellee, Irwin's motion for summary judgment, and then follows: " * * * the Court, having heard the pleadings, the evidence and

115

the argument of counsel thereon, is of the opinion and finds that there is no genuine issue as to any material fact and that the said motion for summary judgment should be sustained." And decreed accordingly. There was no request for severance, and the Court did not sever the actions alleged against defendant, Barrett, and defendant, Irwin, and the judgment did not dispose of all the parties and the issues in this cause, and it is, therefore, an interlocutory judgment and not appealable. The foregoing factual situation here brings this cause within the doctrine announced by our Supreme Court, Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Co., 324 S.W.2d 200. The opinion of the Supreme Court is clear, comprehensive and controlling, and is applicable here. Further comment would be of no avail. See also opinion of the Supreme Court in Pierce v. Reynolds, Tex. Sup., 329 S.W.2d 76.

Since judgment entered in this cause is interlocutory, and is not appealable, it is our duty to dismiss this appeal. Accordingly this appeal is dismissed at appellant's cost.