Neal F. LIGHTLE, Appellant,

v.

BOCK MOTOR COMPANY, Appellee.

No. 10892.

Court of Civil Appeals of Texas.

Austin.

Nov. 8, 1961.

Benjamin Shefman, New Braunfels, for appellant.

William H. Borchers, New Braunfels, for appellee.

HUGHES, Justice.

Appellant, Neal F. Lightle, was given the use of an automobile by and belonging to

Bock Motor Company, appellee, while appellant's car was undergoing repairs by appellee. The loaned car was returned by appellant to appellee in a damaged condition, such damages occurring while appellant was using the automobile. This suit is to recover for such damages.

Upon the trial of the case, appellant offered evidence to prove, or tending to prove, that the damages to the loaned automobile were caused by the negligence of a third party and without any concurring or contributing negligence on his part. This evidence was excluded by the Trial Court upon the objection being made that the pleadings of appellant did not authorize its admission.

This is the only question presented by the parties, however, upon an examination of the record we have concluded that we are without jurisdiction of this appeal for the reason that the judgment from which this appeal was attempted is not a final judgment.

We will make a short statement of the sequence and content of those parts of the record relevant to our disposition of this appeal.

Appellee's original petition pleaded a simple bailment of the automobile to appellant for a valuable consideration, and its return in a damaged condition, in its first count. By alternative pleading in the second count, appellee pleaded the substance of its first count but adding allegations that the damage to the automobile was proximately caused by the negligent acts of appellant, without specifying such acts.

Appellant excepted to this pleading insofar as it sought recovery of attorney's fees. He answered with a general denial and filed a cross claim against one Carroll L. Hunter, whom he alleged was responsible for the damages to the loaned car.

Appellee filed its first Amended Original Petition in which Mr. Hunter was made a party. The pleading was substantially the same as the former pleading except that' same as the former pleading except that

Hunter, as well as appellant, was charged with negligence proximately causing the automobile damages.

Appellant's Second Amended Original Answer contained an exception to the allegations of negligence in such amended petition on the ground of generality. This answer admitted the allegations as to bailment of the automobile, and followed with a general denial. This pleading did not contain a cross action against or ask any relief from Carroll L. Hunter.

Appellee, by trial amendment, was permitted to strike from its pleading the allegation that the bailment was for a "valuable consideration."

By Bill of Exception it is shown that prior to the introduction of testimony, appellant presented and the Trial Court sustained his exception to the allegations of negligence contained in appellee's amended pleading. It is to be noted that no such exception was made by defendant Hunter. In fact, Hunter filed no pleadings. It thus appears that when evidence of Hunter's negligence was offered and rejected, there were pleadings to support its admission.

No further pleadings were filed.

Judgment was rendered February 23, 1961, for appellee against appellant for $412.05, interest and costs. This judgment did not mention defendant Hunter, directly or indirectly.

On March 2, 1961, appellant filed, and the Clerk approved, his appeal bond.

On March 11, 1961 appellee filed, and the Court granted, the following motion:

"Now comes Plaintiff, Bock Motor Co. by and through its attorney of record, and without waiving its cause of action and judgment against Neal F. Lightle on the first, or primary, pleading and judgment in said cause, but expressly reserving said judgment and all of its rights thereto, makes this, its application and motion to dismiss the alternative suit against Carroll L. Hun-

ter based on the alternative pleading, without prejudice to the rights of Plaintiff."

The judgment entered was not a final judgment because it failed to dispose of defendant Carroll L. Hunter. Art. 2249, Vernon's Ann.Civ.St., Appeal and Error, 3 Tex.Jur.2d, Secs. 82–87, inclusive.

The order of dismissal as to Hunter made after the potential jurisdiction of this Court had attached by reason of the appeal having been previously perfected, was ineffective insofar as our authority to determine our jurisdiction by reason of the appeal or attempted appeal is concerned. Appeal and Error, 3 Tex.Jur.2d, Secs. 340–342, inclusive. See also Rule 164, Texas Rules of Civil Procedure, relating to nonsuit, and Rule 301, T.R.C.P., prohibiting plural judgments in a cause except when otherwise specially provided.

The appeal is dismissed.

Appeal dismissed.