Minnie Jean SISTTIE, Appellant,

v.

Robert B. HOLLAND, Jr., et ux., and
E. R. Wagner, Appellees.

No. 4.

Court of Civil Appeals of Texas.

Tyler.

Jan. 9, 1964.

Rehearing Denied Jan. 30, 1964.

S. M. Victorson and Paul K. Hyde, Dallas, for appellant.

Ben Warder, Jr., and Charles D. Mayes, Carter, Gallagher, Jones & Magee, Royal H. Brin, Jr., Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

DUNAGAN, Chief Justice.

This is a personal injury case brought by the appellant, Minnie Jean Sisttie, a domestic servant, employed by the appellees, Robert B. Holland, Jr. and his wife, against her employers, and the appellee, E. R. Wagner, the contractor who built the house of appellant's employers.

Appellant sustained personal injuries when a chest of drawers fell upon her after she stepped upon the bottom drawer for the purpose of reaching a shelf above the chest of drawers.

Each of the appellees filed a separate motion for summary judgment and the Trial Court granted both motions in separate and distinct judgments. The judgment for Robert B. Holland, Jr., and wife was signed the 8th day of February, 1963, and the judgment for E. R. Wagner was signed the 12th day of February, 1963. However each judgment reflects that a hearing was had on each of them January 31, 1963. The appellant duly perfected her appeal from each of the judgments and the judgments are now before this court for review. Appellant gave notice of appeal from the Hollands' judgment by notice included in the judgment and gave notice of appeal

from the Wagner judgment by filing her notice of appeal with the Clerk of Dallas County, dated February 21, 1963.

At the outset, the Court is confronted with the question of whether there is a final judgment in this cause from which an appeal will lie to this court. There is before us two distinct and separate judgments, neither of which, standing alone, disposes of all the parties and issues. Without any doubt, the judgment of February 8, 1963, was not a final judgment, but interlocutory only, as it did not dispose of all the parties to the suit or all of the issues involved in this suit, from which no appeal will lie. The judgment of February 12, 1963, neither made reference to the judgment of February 8, 1963, nor made it a part thereof by incorporating it into said judgment.

■ A final judgment is one that determines the rights of all the parties and disposes of all the issues involved. Lubell v. Sutton, Tex.Civ.App., 164 S.W.2d 41.

■ Our statutes provide that there shall be but one final judgment in any case. It follows from this that, if there be several defendants to a suit, no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be. Texas Bank & Trust Company of Dallas v. Clay et al., Tex.Civ.App., 257 S.W.2d 774; Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465.

Rule 301, Texas Rules of Civil Procedure, provides that:

"Only one final judgment shall be rendered in any cause except where it is otherwise especially provided by law."

The rule has its source in the form of statute. Art. 2211, R.C.S.1925.

Art. 2249, R.S. of Texas, Vernon's Ann. Civ.St. 2249, authorizes an appeal to the Court of Civil Appeals "from every final judgment of the district court in civil cases * * *."

There being two distinct and separate judgments before this court, and it being well settled that there can be but one final judgment, it is obvious that both cannot be final judgments. If the Wagner judgment is selected as final, even though it disposes of the only party left, as all the other parties were disposed of in the February 8th judgment, it alone does not dispose of the Hollands and neither does the Holland judgment dispose of Wagner.

■ The judgments together dispose of all parties and issues involved in the suit but neither alone does so. The question that troubles us is, can the judgments be treated as one?

Since the last judgment does not refer in any way to the first judgment, nor incorporate it, we do not think they can be treated as one judgment and hence there is no final judgment from which an appeal will lie to this court.

Since the record discloses that there was no final judgment, this court is without jurisdiction and it is our duty to dismiss the appeal on our own motion. Duke v. Gilbreath, Tex.Civ.App., 10 S.W.2d 412 (writ ref.); C & L Supply Co., v. Kennerly, Tex. Civ.App., 258 S.W.2d 102.

This appeal is dismissed without prejudice to the parties entering a final judgment from which an appeal might be perfected.