**E. W. EVERETT et al., Appellants,**

v.

**HUMBLE EMPLOYEES WEST TEXAS FEDERAL CREDIT UNION, a corporation, Appellee.**

No. 5621.

Court of Civil Appeals of Texas.

El Paso.

March 11, 1964.

Rehearing Denied April 15, 1964.

Warren Burnett, Lee Arnett, Odessa, for appellants.

Ken Griffin, Odessa, for appellee.

PRESLAR, Justice.

Appellants, who were defendants in the trial court, move the dismissal of this appeal on the grounds of lack of jurisdiction for the reason that the judgment appealed from is not a final judgment. We agree that the appeal should be dismissed.

Appellee, Humble Employees West Texas Federal Credit Union, sued one U. L. Kingsbury as the maker of a note, and the appellants as accommodation co-makers of such note. Kingsbury did not answer, and on May 23, 1961, the court entered default judgment against him. Appellants filed their answers and proceeded to trial, and judgment was rendered against them on July 18, 1962. From this judgment they appealed, and they now seek dismissal of such appeal.

All parties agree and concede the applicable law and facts to be:

1. Only final judgments are appealable (Art. 2249, R.C.S.1925);

2. Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law (Rule 301, Texas Rules of Civil Procedure);

3. No special exception provided by law exists in this case;

4. No judgment or decree will be regarded as final with reference to appeals, unless all issues of law and fact necessary to be determined were determined and the case is completely disposed of so far as the court has power to dispose of it. (Lubell v. Sutton, Tex.Civ. App., 164 S.W.2d 41; Ware v. Jones, 250 S.W. 663, at 664, Com. App., 1923; Consolidated Underwriters v. McCauley, Tex.Civ.App., 320 S.W.2d 60, N.R.E.).

It is apparent that neither of the judgments is in itself a complete and final judgment.

The first, the default judgment against Kinsgbury, provides, among other things:

> "But, it appearing to the Court that the Defendants, E. W. Everett, H. R. Langley, and Clyde A. Miller, alleged co-makers of the promissory note with U. L. Kingsbury given to the Plaintiff herein have filed answers herein, this judgment shall be and is interlocutory against said Defendant, U. L. Kingsbury, until a disposition is made as to the rights of the other Defendants when this judgment against U. L. Kingsbury shall become final. For all of which let execution issue upon this judgment become final."

The second judgment, dated July 18, 1962, was rendered against appellants herein following jury trial, and makes no findings or orders as to Kingsbury. It merely mentions him as a party defendant, and it does not refer to the prior judgment against him. Obviously, this judgment is not final for failure to dispose of one of the parties defendant.

The judgments, taken together, dispose of all the issues as to all parties. But can the two be treated as one? We think not, for even if we ignore the rule of "one final judgment", there are the ministerial acts to be performed as to *the* judgment in the case. Also, rights of the parties would be left unresolved. For instance, appellants herein are entitled to have their co-defendant, Kingsbury, subjected to the judgment, yet no execution could issue against him under either judgment, for the first is interlocutory by its terms and the second makes no disposition of the cause of action against him.

The Court of Civil Appeals at Tyler decided the precise question before us in an opinion rendered January 9, 1964, styled Sisttie v. Holland, and reported in Tex.Civ. App., 374 S.W.2d 803. That court had before it two judgments in the same case; neither was final; but the two, treated as one, disposed of all rights and all parties. It was determined that the rule required

*one final* judgment, in the absence of which there was no jurisdiction for appeal.

Having determined there was no final judgment in this case, the appeal is dismissed. All costs of appeal are taxed against the appellants.