George H. COVERT et al., Appellants,

v.

Lester S. READY, Jr., et al., Appellees.

No. 11182.

Court of Civil Appeals of Texas.

Austin.

March 25, 1964.

Rogan B. Giles, Austin, for appellant.

L. Alvis Vandygriff, Cofer, Cofer & Hearne, E. Eugene Palmer, Sam Perry, Sneed & Vine, Austin, for appellee.

PHILLIPS, Justice.

Appellants, plaintiffs below, were judgment creditors of defendant below Bert Gardner and instituted this suit for foreclosure of their judgment lien against a tract of land in Austin, Texas, also joining as defendants the holders of a recorded warranty deed to such property, Lester S. Ready, Jr. and wife; a mortgagee of such property, First Federal Savings & Loan Association of Austin, and Bert Gardner who had owned a vendee's interest in an executory contract of sale for such property.

Defendant First Federal Savings & Loan Association answered and interpleaded additional parties, Roswell J. Waterman, who was the grantor of such property in the deed to Lester Ready and wife, and who also was the vendor in the executory contract of sale for such property to Bert Gardner; Rosalind Gardner, a sister of Bert Gardner, who was a co-vendee in the executory contract of sale to such property, and Douglass Hearne, attorney for Bert Gardner.

Each of the defendants and interpleaded parties answered and filed various cross-actions. Several motions for summary judgment were filed. First Federal Savings & Loan Association filed a motion for summary judgment which was granted after a hearing on May 2, 1963. This appeal is from the action of the Trial Court in granting the summary judgment of First Federal Savings & Loan Association.

The summary judgment appealed from disposes only of the rights of the appellants and the First Federal Savings & Loan Association. The rights of the other parties to the law suit have not been disposed of by this judgment; consequently, it is not a final judgment.

Rule 301, Texas Rules of Civil Procedure, provides that only one final judgment shall be rendered in any cause except where it is otherwise especially provided by law.

Art. 2249, Vernon's Annotated Civil Statutes, authorizes an appeal to the Court of Civil Appeals from every final judgment of the District Court in civil cases.

Since the record discloses that there was no final judgment, this Court is without jurisdiction and it is our duty to dismiss the appeal on our own motion. Duke v. Gilbreath, Tex.Civ.App., 10 S.W.2d 412, writ ref., C. & L. Supply Co. v. Kennerly, Tex. Civ.App., 258 S.W.2d 102; Sisttie v. Holland, Tex.Civ.App., 374 S.W.2d 803.

This appeal is dismissed without prejudice to the parties entering a final judgment from which an appeal might be perfected.