### Robert A. NICHOLS, Appellant,

v.

### OMEGA AMUSEMENT COMPANY, Appellee.

No. 16487.

Court of Civil Appeals of Texas.

Dallas.

April 30, 1965.

Rehearing Denied June 4, 1965.

G. H. Kelsoe, Jr., and Robert M. Kennedy, Dallas, for appellant.

Cober & Meagher, Grand Prairie, for appellee.

WILLIAMS, Justice.

Appeal from an order sustaining motion for summary judgment. Rule 166–A, T.R. C.P. Omega Amusement Company, a corporation, brought this action in the district court against Robert A. Nichols to recover $4,000, being a portion of earnest money deposited by plaintiff with defendant as a part of a contract of sale, containing an option agreement, between the parties. Plaintiff alleged that it had entered into a written contract with defendant to purchase certain real property in Irving, Texas to be used for the construction of a drive-in

movie theatre and that the sum of $5,000 had been deposited with the seller as earnest money. The contract between the parties contained the following provision:

"Purchaser may elect to void this contract if zoning permit for drive-in theatre is not obtained within six months from date hereof. If such election is exercised by Purchaser, Seller is to retain $1,000.00 of the above mentioned earnest money as part of the consideration for this contract."

Plaintiff alleged that it did not obtain a permit to construct the drive-in theatre within the six months' period and therefore it elected to void the contract of sale, thereby forfeiting the $1,000 above referred to. Defendant refused to refund the $4,000 and judgment was sought against defendant for that amount.

Plaintiff filed its motion for summary judgment, together with supporting affidavits, alleging that no issue of fact existed between the parties. Defendant Nichols filed his answer in which he specifically pled that plaintiff had not made a good faith or bona fide effort to obtain the desired zoning permit. By his cross-action, defendant Nichols sued Omego Amusement Company, Jerry A. Meagher and Vernon L. Watson, in which cross-action cross-plaintiff alleged that, by virtue of the failure on the part of plaintiff to carry out the terms of the sales contract, he had sustained damages in the sum of $65,000. After allowing credit for the $5,000 deposit made on the contract, cross-plaintiff sought a judgment for $60,000 against the cross-defendants, jointly and severally. Nichols also filed an answer to the motion for summary judgment, attaching affidavits.

The judgment of the trial court recites that the court heard the motion for summary judgment and sustained same, thereby decreeing judgment for plaintiff against defendant for $4,000. The record reveals no order of severance as to the cross-action.

 The order appealed from is obviously interlocutory and not a final decree which can be made the basis of appeal to this court. A summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200; Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76; Winston v. Barrett, Tex.Civ.App., 329 S.W.2d 114; Compton v. Sparkman-Brand, Inc., Tex.Civ.App., 324 S.W.2d 906; Permian Mud Service, Inc. v. Sipes, Tex.Civ.App., 339 S.W.2d 81; Covert v. Ready, Tex.Civ.App., 377 S.W. 2d 680; Sears v. Mund Boilers, Inc., Tex. Civ.App., 328 S.W.2d 199; Lightle v. Bock Motor Co., Tex.Civ.App., 351 S.W.2d 379.

The appeal is dismissed.