**YORK CORPORATION, Appellant,**

**v.**

**SECURITY SAVINGS AND LOAN ASSOCIATION, DICKINSON, TEXAS, Appellee.**

No. 14575.

Court of Civil Appeals of Texas.

Houston.

June 10, 1965.

Kenneth J. Peden, Childress, Port & Crady, Houston, for appellant.

Palmer & Bell, Ralph L. Bell, Dickinson, for appellee.

COLEMAN, Justice.

The York Corporation has appealed from a summary judgment for the amount of certain promissory notes, together with interest and attorney's fees, and for the foreclosure of mechanics' and materialmen's liens securing the notes, rendered in favor of the Security Savings and Loan Association.

By its original petition appellee made M. H. Ferris and wife, Margret Ferris, Dr. E. M. Ammons, J. T. Stover and L. C. Loper, d/b/a Construction Associates, the York Corporation and David Onstead, defendants.

The York Corporation answered and filed a cross-action against C. M. Ammons, M. H. Ferris and Margret Ferris, alleging that they were indebted to it for labor and materials and praying judgment against them in the amount of the debt, for the establishment and foreclosure of their materialmen's lien. They also alleged that this lien was superior to that of appellee and prayed an adjudication to that effect.

The motion for summary judgment reflects that all defendants except M. H. Ferris and Margret Ferris answered. While these answers are not in the transcript, the answers filed by the defendants Stover and Loper, and the defendant David Onstead were introduced into evidence at the hearing on the motion for summary judgment. The answer of defendants Stover and Loper prayed for a judgment over against Ferris and Ammons. The answer of Onstead contained a cross-action against Ferris and Loper for debt for labor performed.

The answer and cross-action of Stover and Loper was filed October 16, 1964; that of Onstead was apparently filed on or about August 17, 1964, and that of York Corporation, September 16, 1964. The motion for summary judgment was filed September 28, 1964, and the judgment rendered on November 25, 1964.

Since no summary judgment was sought by defendants, the judgment could not properly have disposed of the various cross-actions filed by them inter se by implication. The transcript does not reflect that the cause of action on which judgment was rendered was severed from the cross-actions.

Appellee points out that the transcript does not reflect that service was obtained on the cross-actions. Neither does it reflect that they were dismissed for want of prosecution and since they were filed thirty to sixty days before the hearing on the motion for summary judgment, no great delay in obtaining service is shown.

Under these circumstances the summary judgment rendered is interlocutory and not a final judgment from which an appeal can be prosecuted to this Court. Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377.

Appeal dismissed.