Marshall STARR, Appellant,

v.

KOPPERS COMPANY, Inc., et al., Appellees.

No. 14419.

Court of Civil Appeals of Texas.

San Antonio.

June 30, 1965.

On the Merits Nov. 10, 1965.

Rehearing Denied Feb. 9, 1966.

Rudy Rice, James H. Brannon, San Antonio, for appellant.

House, Mercer, House & Brock, Carl Wright Johnson, Franklin D. Houser, Alfred W. Offer, Nat L. Hardy, San Antonio, for appellees.

## PER CURIAM.

Mavor-Kelly Company, one of the appellees herein, has filed a motion to dismiss this appeal because of the failure of Marshall Starr to comply with the jurisdictional requirements for an appeal.

Likewise Koppers Company, Inc., another appellee herein, has filed a motion that this appeal be dismissed as to it. These two motions will be considered together.

It appears from the transcript that Koppers Company, Inc., in the trial court, filed a motion for summary judgment, which motion was heard and granted in an order signed on March 20, 1965, and judgment was entered that the plaintiff, Marshall Starr, take nothing by reason of his suit against Koppers Company, Inc., and that said defendant go hence with its cost without day. The court found that the cause of action against Koppers Company, Inc., was severable from the cause of action asserted against the defendant Mavor-Kelly Company, and made an order in this same judgment severing the cause of action against Koppers Company, Inc., from that asserted against Mavor-Kelly Company. On the same day the trial court heard Mavor-Kelly Company's motion for summary judgment, under the same style and number and, by agreement of parties, largely on the same evidence, granted that motion and entered an order that Marshall Starr take nothing as against Mavor-Kelly Company. Both of these motions were heard and granted, and the summary judgments rendered under Cause No. 4250, styled Marshall Starr v. Koppers Company, Inc., et al. Apparently, there was no effort made to carry out the order severing the two causes of action by giving one a new style and number. Thereafter, Marshall Starr undertook to prosecute an appeal to this Court by treating these two judgments as one, and filing but one appeal bond and one transcript. In other words, in prosecuting his appeal appellant has treated these two judgments as though they were one final judgment in Cause No. 4250, styled Marshall Starr v. Koppers Company, Inc., et al. The appellees contend that appellant has attempted to appeal from two judgments by giving but one appeal bond and filing one transcript, and has not prosecuted an appeal from that part of the cause of action which was severed from the main cause.

It occurs to us that the court, by entering these two summary judgments, largely upon the same evidence, on the same day, under the same style and number, without having the severance carried into effect by giving the severed part of the suit a new number on the docket and a new style, has disregarded and impliedly set aside his order of severance, and that these two judgments taken together constitute but one final judgment, from which appellant has prosecuted this appeal. The two orders taken together dispose of the entire lawsuit. The fact that they were in two instruments does not prevent them from being one judgment. H. B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192 (Tex. 1963); Texaco, Inc. v. McEwen, Tex.Civ. App., 356 S.W.2d 809.

When the Zachry case was before this Court we wrote an opinion dismissing the

appeal (361 S.W.2d 579), because the judgment was in two instruments, rendered on different dates, and we were of the opinion that they did not constitute one final judgment. The Supreme Court did not agree with us and held, in effect, that the two instruments constituted but one final judgment. H. B. Zachry Co. v. Thibodeaux, supra.

The motions to dismiss are overruled.

## On the Merits

CADENA, Justice.

Appellant, Marshall Starr, hereinafter called plaintiff, complains of the rendition of a summary judgment that he take nothing by his suit against defendants Koppers Company, Inc., and Mavor-Kelly Company, both Texas corporations.

Plaintiff alleged that on or about February 8, 1960, while he was performing his duties as a construction worker in the erection of an electric plant for Medina Electric Co-operative, Inc., near Pearsall, Frio County, some unidentified persons fired up a "dope pot," using some "bitumastic-type" products of defendants. The resulting fumes allegedly had an injurious effect on the skin of plaintiff. Plaintiff disclaimed any knowledge of the dangers involved in the heating and melting of such material, and contended that defendants were negligent in failing to warn of the dangers involved in its use, and that such negligence was the proximate cause of plaintiff's injury.

Defendants filed a general denial and subsequently filed separate motions for summary judgment. Koppers' motion was supported by the affidavit of E. E. Farrow, managing partner of the partnership of E. E. Farrow Company, plaintiff's employer. The Mavor-Kelly motion was supported by the affidavit of Thomas Kelly, who described himself as "a one-half owner in the Mavor-Kelly Company." In substance, these affidavits recited that no product manufactured by Koppers or distributed by

Mavor-Kelly had been used on the Frio County project. The Farrow affidavit, in addition, asserted that the only product which was used on the Frio County job for the purpose of coating underground pipe was a material produced by Reilly Tar & Chemical Corporation, which is not a party to this suit.

Both motions for summary judgment also relied on the oral deposition of plaintiff. Such deposition, insofar as it is relevant here, discloses that plaintiff had no personal knowledge concerning the type of material which was being used by the unidentified persons mentioned in his petition on the date of his alleged injury.

Plaintiff's reply to the motions for summary judgment was supported by the affidavits of George E. Lindsey and Roman R. Quiroz, both of whom stated that on or about February 28, 1960, they were working as pipe fitters on the Frio County project and were using a "dope" that they were melting in a dope pot for the purpose of applying it to underground pipes. The material they were using was described as one which had to be stripped from its metal containers, broken into chunks and heated so that it could be applied to the pipes in a hot condition.

Lindsey swore that material being used was "Bitumastic Enamel which was manufactured by Koppers Company, Inc., and sold by Mavor-Kelly Company of Houston, Texas." Both affiants asserted that they had been given no warning that the fumes from the material were harmful to their bodies, and both stated that after working with the material for a short time they found that the fumes from the dope pot were generally harmful and irritating to their bodies, and particularly harmful to the exposed areas of their bodies, particularly to the face and hands.

The affidavits relied on by plaintiff, if taken at face value, are sufficient to raise an issue of fact as to whether the material which was being used on or about February 28, 1960, was manufactured by Koppers and

sold by Mavor-Kelly. Defendants contend that the Lindsey and Quiroz affidavits are insufficient as a matter of law because they do not comply with the requirements of Rule 166–A(e), Texas Rules of Civil Procedure, that supporting affidavits be made on personal knowledge, that they set forth such facts as would be admissible in evidence, and that they "show affirmatively that the affiant is competent to testify as to the matters stated therein."

Defendants did not object to the sufficiency of plaintiff's counter-affidavits in the trial court. Assuming that the affidavits are insufficient in the respects asserted by defendants, upon proper objection or exception in the trial court, plaintiff would have had the right to request leave to amend or supplement the affidavits, and the court's refusal to allow such curative measures might have amounted to an abuse of discretion. De la Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854, wr. ref. n. r. e. Defendants' complaint here comes too late. Lobit v. Crouch, Tex.Civ.App., 293 S.W.2d 110, wr. ref. n. r. e.; cf. Youngstown Sheet & Tube Co. v. Penn, Tex., 363 S.W.2d 230 (1962); Hall v. Fowler, Tex.Civ.App., 389 S.W.2d 730, no writ.

In any event, the objections here urged by defendants are without merit. Both affiants swore that, as pipe fitters, it was necessary that they know and be familiar with the different types of materials. Each affiant stated that, based on such experience and knowledge, he knew that "this (i. e., material manufactured by Koppers and sold by Mavor-Kelly) was the material we were using." It cannot be said that such statements fail to show that the affidavits are made on personal knowledge, or that they fail to show that the affiant is competent to testify as to the matters stated therein. This is not a case such as Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961), where the statements made in the affidavit were obviously based on hearsay. See Youngstown Sheet & Tube Co. v. Penn, supra.

Defendants rely on Heien v. Crabtree, Tex.Civ.App., 364 S.W.2d 271, aff'd, 369 S.W.2d 28. In that case the Amarillo Court held insufficient statements contained in an affidavit on the ground that it was not shown how the affiant could have had such knowledge except by hearsay. (Our Supreme Court, in affirming the judgment of the Amarillo Court, did not pass on this point.) Here we have an explanation of the source of affiants' knowledge.

Defendants next insist that the summary judgment was properly granted because, even if it be assumed that the material in question was manufactured by Koppers and sold by Mavor-Kelly, plaintiff cannot recover since, not being the ultimate consumer of the product, he did not stand in "privity" with either of the defendants. This contention overlooks the basis for the cause of action which plaintiff asserts in this case. He bases his right to recover on the negligence of the defendants in failing to warn that fumes resulting from the heating of the product are injurious to the human body. His cause of action is thus based on negligence in failure to warn, rather than on any theory of implied warranty. Whatever may be the present embattled status of the privity doctrine in cases based on so-called implied warranty (see Prosser, "The Assault upon the Citadel (Strict Liability to the Consumer)," 69 Yale L.J. 1099), the Courts have excised the privity requirement from the law of negligence. Armstrong Packing Co. v. Clem, Tex.Civ.App., 151 S.W. 576, wr. ref.; McPherson v. Buick Motor Company, 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696; Prosser, Torts (2d ed., 1955) 498; Feezer, "Tort Liability of Manufacturers," 19 Minn. L.Rev. 752.

Today the general rule is that one who manufactures or supplies a product has a duty of reasonable care to users, and to those in the foreseeable zone of danger of such use, to prevent physical harm that he should reasonably foresee could result from the use of the product for its intended purpose. The obligation of such manu-

 

facturer or supplier is to exercise reasonable care to discover the dangerous propensities of the product and to warn those whom he should expect to use it. Restatement, Torts 2d, § 392 (1965).

The affidavits relied on by plaintiff permit the inference that the product involved, when put to its intended use, had an injurious effect on exposed areas of the human body. Defendants have filed no affidavits denying this dangerous characteristic of the product. Under these circumstances, it cannot be said as a matter of law that defendants' failure to warn was not a breach of their duty to prospective users and to those in the foreseeable danger zone.

Since the record discloses the existence of material issues of fact, the judgment of the trial court is reversed and the cause remanded for further proceedings.