Reginald **THOMAS** et ux., Appellants,

v.

Dr. C. I. **SHULT** et al., Appellees.

No. 15380.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 12, 1968.

John H. Holloway, Houston, for appellants.

Hodges, Moore & Gates, Morris Hodges and Otto Moore, Jr., Columbus, for appellee Dr. C. I. Shult.

Vinson, Elkins, Weems & Searls, Tom Weatherly and Knox D. Nunnally, Houston, for appellee Rigo Mfg. Co.

BELL, Chief Justice.

This is an appeal from a judgment, allegedly a final one, decreeing that plaintiffs Reginald Thomas and his wife take nothing against Dr. Shult, which judgment was entered by the trial court May 23, 1968 after trial before a jury. It is also an appeal from a judgment, allegedly final, decreeing that the above named plaintiffs take nothing against Rigo Manufacturing Company. This judgment was signed May 7, 1968.

The record is long and involved and, insofar as the merits of the appeal are discussed in the briefs, the appeal presents some interesting and involved questions. We are, however, of the view there is no

final judgment and the appeal must therefore be dismissed.

Suit was originally filed in the 25th District Court of Colorado County by plaintiffs against Dr. Shult. They were the mother and father of Reginald Thomas, Jr., age 18 months, who died June 25, 1964. His death was alleged to have resulted from his having drunk a chemical compound known as "Kill-Ko Bug Killer" or "Kill-Ko". Suit was against Dr. Shult on the theory that he had negligently treated the child when the child was brought to him after having drunk the compound. Plaintiffs sued individually and as heirs and representatives of the estate of the deceased. It was filed April 27, 1966 under Cause No. 12,888. Answer was filed May 19, 1966. In June of 1966 depositions of plaintiffs and the defendant were taken.

On June 24, 1966, plaintiffs filed suit in the United States District Court, Southern District of Texas, Houston Division, in Cause No. 66–H394. In this proceeding Rigo was made a party for the first time. The pleading of plaintiffs reflected Rigo was a foreign corporation with its principal office and place of business in Nashville, Tennessee, and also reflected plaintiffs and Dr. Shult were citizens of Texas. Citation for Rigo was never issued in this case.

On September 2, 1966, plaintiffs took a non-suit in Cause No. 12,888.

Dr. Shult filed a motion in the United States District Court to dismiss Cause No. 66–H394 for want of jurisdiction. This motion was sustained by an order signed and entered October 4, 1966.

On October 14, 1966, plaintiffs filed suit against Shult and Rigo in the 25th District Court of Colorado County, it being numbered Cause No. 12,952. It seems that citation in a manner provided in Rule 108, Texas Rules of Civil Procedure, was issued to be served on Rigo. Service was made October 21, 1966, on a bookkeeper working for Rigo. Rigo made a special appearance under Rule 120a, T.R.C.P. on November 10,

1966. We are unable to find any order of the court specifically acting on this special appearance. However, we find what is denominated "Motion Made as Adjunct to Special Appearance Heretofore Filed under Rule 120a". It was filed by Rigo on March 28, 1968. The "Adjunct" pleading recites that Rigo had made a special appearance, had had a hearing on it more than a year previously, and that the court at such hearing told plaintiffs' counsel that the position of Rigo was correct and in the absence of his securing jurisdiction over Rigo the motion would have to be sustained. It is then recited that plaintiffs had again obtained service on Rigo in the same manner, that is, under said Rule 108. Prayer was for dismissal as to Rigo. By an order signed March 28, 1968, the court sustained the "Special Appearance or Appearances" of Rigo and dismissed Rigo from the case.

On the same day plaintiffs filed their amended petition against Shult and Rigo in the same cause number and for the first time asked for service on Rigo through service on the Secretary of State of Texas. Citation was issued the same day and service was made on the Secretary of State on April 4, 1968. Appearance date was April 29, 1968. This happened to be the day the case was set for trial on the merits.

We should note that each of the plaintiffs' petitions alleged damages in excess of $10,000.00. The suit was against Rigo, the alleged manufacturer and distributor of the chemical compound, based upon its failure to adequately warn of dangers.

On April 29, 1968, Rigo filed what is denominated "Plea to Jurisdiction in Abatement and to Dismiss". It is sworn to by the attorney for Rigo. It sets out in substance the facts we have above related. Its plea to jurisdiction over the person asserted in effect, by recital of facts, that it was not amenable to process issued by the courts of Texas. It further stated the filing of the suit in the United States District Court was in intentional disregard of jurisdiction. It asserted that on the face of all pleadings

against it the cause of action was barred by the two and three year statutes of limitation. Prayer was that the pleas (jurisdiction and abatement) be sustained and the cause be dismissed. In the same instrument of pleading, but subject to the foregoing plea to jurisdiction and in abatement, Rigo answered in bar with a general denial, a plea of laches and the two and three year statutes of limitation.

By an order "dated, signed, entered and rendered" May 7, 1968, the court found that it had jurisdiction over Rigo. The order recited "came on for hearing pleas of Rigo Manufacturing Company in abatement and to dismiss." It is recited that "it was without dispute that the date of death of the minor was June 25, 1964." Then this language is used:

> "The Court finds that any claim by Plaintiffs herein is barred by limitations and laches and accordingly sustains the pleas of Rigo Manufacturing Company and orders that Reginald Thomas and Margie Thomas, in the capacities in which suit is brought, *take nothing against Rigo Manufacturing Company and that costs be assessed against Plaintiffs for which execution may, if necessary, issue.*" (emphasis ours)

This judgment is obviously not final because it did not dispose of Plaintiffs' cause of action against Dr. Shult which was asserted in the same suit. There could have been a severance but there was not. Rule 41, T.R.C.P.

There is a second judgment dated May 23, 1968, that shows there was a trial as between plaintiffs and Dr. Shult that commenced before a jury on April 29, 1968. It shows the jury verdict on the issues as between plaintiffs and Dr. Shult. The jury's answers entitled Dr. Shult to a judgment that plaintiffs take nothing against him. This judgment decrees that plaintiffs take nothing against Dr. Shult and that he recover of plaintiffs his costs. No reference is made to the previously mentioned take nothing judgment in favor of Rigo Manu-

facturing Company and the judgment in favor of Dr. Shult makes no mention or disposition of Rigo or the cause of action asserted by plaintiffs against Rigo.

It is well settled that there may be an appeal only from a final judgment in the absence of a rule or statute authorizing some exception. Article 2249, Vernon's Ann.Tex.St. There are a multitude of cases holding that a judgment to be final must dispose of all parties to and all issues in a suit. We cite only North East Independent School District v. Aldridge, 400 S.W.2d 893, where our Supreme Court reaffirms the rule and cites and discusses various of the previous cases.

There is also the rule in Texas that there may be only one final judgment. Rule 301, T.R.C.P. This one judgment must dispose of all parties in a suit and all issues.

In this case there are, as above demonstrated, two judgments, each interlocutory. The judgment dated May 7, 1968 is a take nothing judgment in Cause No. 12,952, pending in the 25th District Court in favor of Rigo Manufacturing Company on the cause of action asserted against it. There was no severance of this cause of action from that asserted in the same cause against Dr. Shult. There may not be severance by implication. Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200, and authorities there cited with approval.

There are two Courts of Civil Appeals cases applying this rule to fact situations we deem indistinguishable in principle from this case. They are: Sisttie v. Holland et ux and Wagner, 374 S.W.2d 803, and Everett v. Humble Employees West Texas Federal Credit Union, 377 S.W.2d 232. There is no writ history in either case.

We consider the cases of H. B. Zachary Company v. Thibodeaux, 364 S.W.2d 192, and McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, both by our Supreme Court, to be distinguishable. In each of them there

was an order dismissing the parties from the suit and there was only one judgment making adjudication on the merits as to all issues, as between all other parties in the suit.

There being no one final judgment, we dismiss the appeal.