**C. J. SCHELL, Appellant,**

v.

**CENTEX MATERIALS COMPANY, Inc., Appellee.**

**No. 11725.**

Court of Civil Appeals of Texas, Austin.

Jan. 21, 1970.

Rehearing Denied Feb. 11, 1970.

Ashton & Henderson, Verne D. J. Phillips, Austin, for appellant.

Wroe Owens, Phil Mockford, Austin, for appellee.

HUGHES, Justice.

We, on our own motion, have concluded that a single final judgment has not been rendered by the trial court, absent which we are without jurisdiction. Rule 301, T.R.C.P., Art. 2249, V.T.C.S. Thomas v. Shult, 436 S.W.2d 194, Tex.Civ.App., Houston (1st) no writ (1968).

Appellant, C. J. Schell, sued Travis Materials Company, a division of Centex Materials Company, Inc. and Centex for damages for breach of contract. Centex answered and filed a cross action against appellant.[1] Centex also filed a motion for summary judgment as to appellant's suit against it. This summary judgment was entered on February 4, 1969.[2] The decretal portion of this judgment reads:

"It is therefore Ordered, Adjudged and Decreed, Defendant's Motion for Summary Judgment as to any general issue of material fact relating to Plaintiff's Original Petition is granted, and that Plaintiff take nothing in his suit against Defendant, Centex Materials, Inc., and that this cause proceed to trial upon the remaining issues set out in the Counterclaim of Defendant, Centex Materials, Inc., and in the General Denial and Answer to Counterclaim of Plaintiff, C. J. Schell."

In Nichols v. Omega Amusement Company, 391 S.W.2d 754, Tex.Civ.App., Dallas, no writ (1965) and York Corporation v. Security Savings and Loan Association, Dickinson, Texas, 391 S.W.2d 830, Tex. Civ.App., Houston, no writ (1965) it was held that a summary judgment for a plaintiff was not a final appealable judgment where pending cross actions were not disposed of and there was no severance. These cases were before the Supreme Court opinion in North East Independent School District v. Aldridge, 400 S.W.2d 893, where the Court made a radical departure from the existing law regarding the finality of judgments for appeal purposes.

In that case the District sued Aldridge for damages and Aldridge brought in his alleged principal and prayed for judgment over against him. The trial court

---

1. This cross action is not in the transcript.

2. This judgment was rendered October 17, 1968.

granted plaintiff a summary judgment against Aldridge establishing his liability and directed that "this cause proceed to trial upon the sole remaining issue of the amount of damages to which the plaintiff is entitled." Upon the amount of damages being ascertained, the trial court rendered judgment against Aldridge and made no mention of the cross claim. The Supreme Court held this to be a final, appealable judgment and promulgated a new rule for determining this issue, which is:

"Analysis of the decisions we have discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation; [136 Tex. 296, 150 S.W.2d 377.] but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants."

The Court went on to say:

"The rule announced disposes of the question to be decided in this case unless the statement contained in the court's summary judgment is regarded as an order for a separate trial of the issue of damages. As heretofore noted, that judgment decreed that Aldridge was personally liable to School District for damages caused by breach of the contract, and then directed that 'this cause proceed to trial upon the sole remaining issue of the amount of the damages to which the plaintiff is entitled.' We are not disposed to regard the quoted order as one entered under Rule 174 for trial of the separate issue of the amount of damages. The order speaks of the 'cause' proceeding to trial of a particular issue; it does not speak of a separate trial of an issue as a preliminary matter or as independent of final trial of the cause. It indicates that at that stage of the proceedings the court overlooked the fact that under the pleadings there were other issues and parties to be disposed of when the case was reached for trial on the October, 1964, jury docket.

Under the rule announced, the presumption is that the judgment entered on October 7, 1964, disposed of Aldridge's cross-action against King-O-Hills Development Company; and in the absence of a contrary showing in the record, we hold that the judgment entered on that date was a final judgment."

While the language used by the trial court in the above case when it provided for the cause to proceed to trial upon the issue of damages is very similar to the language used by the trial court in this case when it ordered that "this cause proceed to trial upon the remaining issues" set out in the counterclaim of the defendant, we are of the opinion that judgment provided for a separate trial of the cross action under Rule 174, T.R.C.P., and that such judgment was not a final appealable judgment, for if it was, this appeal is not timely as will be shown.

On October 28, 1968, Schell filed a motion for a new trial from the order or judgment of October 17, 1968, granting the motion of Centex for a summary judgment. This motion for a new trial was

not acted upon. On the same day Schell filed a notice of appeal from the judgment rendered on October 17, 1968.

On May 19, 1969, the trial court rendered a judgment on the cross action of Centex pursuant to an agreement of the parties. We quote from that judgment, the portion which is pertinent here:

"On this the 19th day of May, 1969, at a regular term of this Court, this cause came on for trial, and came plaintiff, C. J. Schell, by his attorneys of record, and also came defendant, Centex Materials, Inc., by its attorneys of record, and all parties having announced ready for trial on the Counterclaim of defendant, Centex Materials, Inc., and the General Denial and Answer to Counterclaim of plaintiff, C. J. Schell, and a jury being waived, all remaining matters of fact and of law were submitted to the Court, the Court having entered judgment on the 17th day of October, 1968, that plaintiff, take nothing in his suit against defendant based on Plaintiff's Original Petition."

On May 23, 1969, Schell filed a motion for new trial and notice of appeal, which we quote:

"The Court having entered judgment on the 9th day of May, 1969, that defendant, Centex Materials, Inc., recover from the plaintiff, C. J. Schell, the sum of $15,000.00, together with the costs and having entered judgment earlier on the 4th day of February, 1969, that plaintiff take nothing in his suit against defendant based on Plaintiff's Original Petition and there remaining no further issues for trial in this cause, the plaintiff, C. J. Schell, reaffirms his Motion for New Trial and his Notice of Appeal both presented to this Court on the 28th day of October, 1968, and incorporates them by reference into this Motion and Notice as though they were fully set out herein.

Wherefore, Plaintiff prays that the judgment herein be set aside and that he be granted another hearing."

This motion was never acted on by the trial court.

The briefs show that appellant does not complain of the judgment rendered on the cross action against him but only complains of the summary judgment rendered against him on October 17, 1968, and entered February 4, 1969.

The transcript in this case was filed in this Court August 28, 1969.

It is to be noted that the trial court in its judgment of May 19, 1969, while it referred to the judgment of October 17, 1968, did not incorporate such prior judgment in the May 1969 judgment. It seems to us that we have two interlocutory judgments in this case. The October 1968 judgment is interlocutory because it directed a separate trial of the cross action under Rule 174. The May 1969 judgment is interlocutory because it disposed only of the cross action and did not adjudicate the pending suit of the plaintiff Schell. In fact, it states such suit had already been determined. Of course, if the two interlocutory judgments are combined, the entire controversy is determined. This would seem the practical thing to do, but there is contrary authority.

In Sisttie v. Holland, 374 S.W.2d 803, Tex.Civ.App., Tyler, no writ, (1964), it was held that two interlocutory judgments which together disposed of all parties and issues were not appealable, the Court saying:

"There being two distinct and separate judgments before this court, and it being well settled that there can be but one final judgment, it is obvious that both cannot be final judgments. If the Wagner judgment is selected as final, even though it disposes of the only party left, as all the other parties were disposed of in the February 8th judgment, it alone does not dispose of the Hollands

and neither does the Holland judgment dispose of Wagner.

■ The judgments together dispose of all parties and issues involved in the suit but neither alone does so. The question that troubles us is, can the judgments be treated as one?

Since the last judgment does not refer in any way to the first judgment, nor incorporate it, we do not think they can be treated as one judgment and hence there is no final judgment from which an appeal will lie to this court.

Since the record discloses that there was no final judgment, this court is without jurisdiction and it is our duty to dismiss the appeal on our own motion."

The only difference between Sisttie and this case is that the prior judgment there was not referred to in the last judgment, whereas, here the latter judgment does refer to the prior judgment. Mere reference to the October 1968 judgment in the May 1969 judgment and nothing more, was without effect. It adjudicated nothing with respect to Schell's suit against Centex.

Sisttie is cited and followed in Thomas v. Shult, supra, where two interlocutory judgments together determining the entire controversy were held not to be appealable. A similar holding was made in Everett v. Humble Employees West Texas Federal Credit Union, 377 S.W.2d 232, Tex.Civ. App., El Paso, no writ (1964) is to the same effect.

We follow these three opinions of our highly respected peers and hold that we have no jurisdiction of this appeal for the reason that no final judgment has been rendered disposing of all parties and all issues.

Dismissed for want of jurisdiction.

## On Motion for Rehearing

Appellant cites H. B. Zachry v. Thibodeaux, 364 S.W.2d 192, Tex.Sup.1963 and McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961).

These cases were distinguished in Thomas v. Shult, supra, the Court saying: "In each of them there was an order dismissing the parties from the suit and there was only one judgment making adjudication on the merits as to all issues, as between all other parties in the suit." See also Texaco, Inc. v. McEwen, 356 S.W.2d 809, Tex.Civ.App., El Paso, writ ref. n. r. e. (1962).

Appellant also cites Starr v. Koppers Company, 398 S.W.2d 827, Tex.Civ.App., San Antonio, writ ref. n. r. e. (1965). We do not consider this case to be in point. There a cause of action was asserted against two defendants. The cause of action against one defendant was severed from the cause of action against the other defendant. Separate judgments were rendered against each defendant. Both judgments were appealed from by filing a single appeal bond and one transcript. The Court overruled the motion of appellee to dismiss the appeal. The Court reasoned that the trial court even though it had severed the two causes of action treated them as one and that the two judgments really amounted to but one judgment. As we view that case there were two final judgments, one in each of the severed cases. The irregularity in combining the appeal from each judgment in one appeal bond and one transcript was only that and nothing more. No doubt the Court could have required appellant to divide the one transcript into two transcripts had it so desired.

We are not convinced that the cases from three different courts of civil appeals are wrong. We overrule appellant's motion.