**COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,**

v.

**STONEWALL INSURANCE COMPANY, Appellee.**

**No. 4464.**

Court of Civil Appeals of Texas, Eastland (11th Dist.).

May 28, 1971.

Rehearing Denied July 23, 1971.

Buck, McBryde, Bogle & Thompson, J. Frank Thompson, Ft. Worth, for appellant.

Oster & Kaufman, Stanley M. Kaufman, Dallas, Street & Swift, John G. Street, Jr., Ft. Worth, for appellee.

McCLOUD, Justice.

This is a summary judgment case. Appellant, Commercial Standard Insurance Company, sued Stonewall Insurance Company and Central Claims Service, alleging a cause of action against each defendant. The defendants filed separate answers. Appellee, Stonewall Insurance Company filed a motion for summary judgment which was granted. This appeal is from the order of the trial court in granting the summary judgment.

 The order appealed from is interlocutory and not a final judgment which can be made the basis of an appeal to this court. The order only disposes of the rights of the appellant and Stonewall Insurance Company. The rights of Central Claims Service, the other party to the lawsuit, were not determined by the order.

In Pan American Petroleum Corporation et al. v. Texas Pacific Coal & Oil Company et al., 159 Tex. 550, 324 S.W.2d 200 (1959) the Court stated the rule as follows:

"In our opinion a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. Gallaher v. City Transp. Co., Tex.Civ.App., 262 S.W.2d 807 (wr. ref.); Myers v. Smitherman, Tex.Civ.

App., 279 S.W.2d 173 (no writ). In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case."

See also Sears v. Mund Boilers, Inc., et al., 328 S.W.2d 199 (Tex.Civ.App.1959, writ ref.).

 The record discloses that the order appealed from is not a final judgment; therefore, this Court is without jurisdiction and it is our duty to dismiss the appeal on our own motion. Covert v. Ready, 377 S.W.2d 680 (Tex.Civ.App.1964, no writ); Duke v. Gilbreath, 10 S.W.2d 412 (Tex.Civ.App.1928, writ ref.); Sisttie v. Holland, 374 S.W.2d 803 (Tex.Civ.App.1964, no writ).

The appeal is dismissed.