WOODSON STATE BANK, Appellant,

v.

Otis HIBBITTS, Jr. et al., Appellees.

No. 5484.

Court of Civil Appeals of Texas, Eastland.

Sept. 4, 1980.

Thomas W. George, George & George, Austin, for appellant.

William G. Thompson, Thompson & Cook, Breckenridge, for appellees.

McCLOUD, Chief Justice.

Plaintiff, Woodson State Bank, sued defendants, Otis Hibbitts, Jr., Susie Hibbitts,

and Delora Hibbitts, seeking recovery for an indebtedness, and foreclosure of security interests and deeds of trust. Plaintiff's cause of action against Otis Hibbitts, Jr., and wife, Delora Hibbitts, is based upon four promissory notes executed by Otis Hibbitts, Jr. Plaintiff further alleges that by signing the deeds of trust, Susie Hibbitts and Delora Hibbitts, became sureties for the debts of Otis Hibbitts, Jr. Plaintiff filed a motion for summary judgment against all defendants. Susie Hibbitts, mother of Otis Hibbitts, Jr., also filed a motion for summary judgment urging that the deeds of trust which plaintiff sought to foreclose were void because they covered her homestead. The trial court granted the motion of Susie Hibbitts and denied plaintiff's motion. The bank appeals. The judgment entered by the trial court is not final and appealable.

The summary judgment in favor of Susie Hibbitts did not dispose of all issues and parties. *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company*, 159 Tex. 550, 324 S.W.2d 200 (1959). Defendants, Otis Hibbitts, Jr. and wife, Delora Hibbitts, did not file a motion for summary judgment. The rule announced in *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958) is applicable only when all parties file motions for summary judgment. See *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex.1966).

We have no jurisdiction, and it is our duty to dismiss the appeal. *Commercial Standard Insurance Company v. Stonewall Insurance Company*, 469 S.W.2d 310 (Tex. Civ.App.–Eastland 1971, no writ).

The appeal is dismissed.