

# Fourth Court of Appeals
## San Antonio, Texas

October 28, 2014

No. 04-14-00650-CV

Michael A. **CERNY** and Myra L. Cerny, Individually and as Next Friends of Cameron A. Cerny,
A Child,
Appellants

v.

**MARATHON OIL CORPORATION**, Marathon Oil EF LLC, and Plains Exploration &
Producing Company,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 13-05-00118-CVK
Honorable Stella Saxon, Judge Presiding

# O R D E R

On August 27, 2014, appellants filed a notice of appeal seeking to appeal the following orders signed by the trial court on August 14, 2014:

1) Order Granting Summary Judgment as to Marathon Oil EF LLC;
2) Order Granting Summary Judgment as to Plains Exploration & Producing Company; and
3) Order Granting Defendants' Motion to Strike Plaintiffs' Evidence.

On October 14, 2014, appellants filed an opposed "Motion to Dismiss for Want of Jurisdiction or Alternatively, Motion to Abate and Remand." In the motion, appellants argue that because Rule 301 provides that only one final judgment shall be rendered in a cause, and because the trial court signed three separate orders with no "Mother Hubbard" language, there does not exist a final appealable order and we should therefore dismiss the appeal for want of jurisdiction. *See* TEX. R. CIV. P. 301. Alternatively, appellants request that we abate the appeal pursuant to Rule 27.2 and remand the cause to the trial court. *See* TEX. R. APP. P. 27.2.

We disagree that the two orders granting summary judgment cannot be appealed absent one final judgment. The orders complained of here finally dispose of all parties and causes of action. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Accordingly, this court has jurisdiction over the appeal. *See H.B. Zachry Co. v. Thibodeaux,* 364 S.W.2d 192, 193

(Tex. 1963) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating a final and appealable judgment); *Starr v. Koppers Co*., 398 S.W.2d 827, 828 (Tex. Civ. App.—San Antonio 1966, writ ref'd n.r.e.); *see also Columbia Rio Grande Reg'l Hosp. v. Stover,* 17 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2000, no pet.) ("Once an order has been entered disposing of all remaining parties and issues, all the orders merge, creating a final and appealable judgment."); *see also Azbill v. Dallas Cnty. Child Protective Servs. Unit of the Tex. Dep't of Human & Regulatory Servs.,* 860 S.W.2d 133, 137 (Tex. App.—Dallas 1993, no writ) ("[I]t is not necessary that all the dispositive rulings appear in one document before a judgment can become final."). Appellants' motion is therefore DENIED.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of October, 2014.

_____
Keith E. Hottle
Clerk of Court