# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40875
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2016

Lyle W. Cayce
Clerk

DONALD A. DINN,

Plaintiff-Appellant

v.

NUECES COUNTY; PATSY PEREZ; ELISA AVILA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CV-67

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Donald A. Dinn, currently Texas prisoner # 1876170, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, which the district court concluded was frivolous and failed to state a claim. A prisoner's in forma pauperis complaint "shall" be dismissed if it is frivolous or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); 28 U.S.C. § 1915A(b)(1); *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012). We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review the district court's dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is frivolous if it has no "arguable basis in fact or law." *Morris*, 702 F.3d at 189. In order to state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

In the district court, Dinn argued that an employee of the Nueces County Child Support Division acted with deliberate indifference by placing a lien on a piece of real estate Dinn was attempting to sell and by failing to give him adequate notice of the lien; the child support debt was owed by Dinn's girlfriend, and he concedes that an employee of the title company handling the closing had advised the title company that they were married. Although the district court considered the claim under the grounds of municipal liability, Dinn has asserted that he was not making such a claim, and he does not brief the argument on appeal, so it is deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Dinn has not established that the employee's reaction to the information he or she received was more than "merely inept, erroneous, ineffective, or negligent," which does not rise to the level of deliberate indifference. *Alton v. Texas A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). As Dinn concedes that he received actual notice that the lien was going to be imposed well before the sale of the property occurred, due process was satisfied. *See In re Sam*, 894 F.2d 778, 782 (5th Cir. 1990) (bankruptcy proceeding). Although Dinn complains that the defendant failed to give him an opportunity to challenge the lien, he cites to no authority for the proposition that his decision to pay the lien rather than challenge it resulted in the absence of an opportunity to respond. Although Dinn raises arguments that his girlfriend paid off the debt in 2010 and that the State

relieved her of her child support obligations in 2012, we decline to consider new legal theories and arguments raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Dinn also contends that defendants Perez and Avila violated his right of access to the courts by refusing to file his notice of appeal after the dismissal of one defendant in a state proceeding challenging the imposition of the lien. To succeed on such a claim, Dinn must show that the appeal was not frivolous. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Because Dinn was not entitled to file an interlocutory appeal under these circumstances, he has not made the requisite showing. *See Commercial Std. Ins. Co. v. Stonewall Ins. Co.*, 469 S.W.3d 310, 311 (Tex. App. 1971). Dinn's assertion that these defendants failed to respond to his motion or findings of fact or conclusions of law with respect to this dismissal of the first defendant and his challenges to the state court's actions relating to the entry of a final judgment are raised for the first time on appeal and will not be considered. *See Leverette*, 183 F.3d at 342.

The plain language of § 1915 authorizes dismissal of a civil action "at any time," and § 1915A(a) and (b) permit a dismissal after a review which should occur "as soon as practicable after docketing." Dinn therefore was not entitled to discovery prior to the dismissal of his civil rights complaint. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991). Dinn's attempt to remove the action dismissed by the state court is not authorized. *See* 28 U.S.C. § 1446(a). His motion to add new defendants directly to the federal proceeding, along with additional claims against those defendants, does not warrant consideration. *See Leverette*, 183 F.3d at 342.

Dinn has not shown that the district court erred in dismissing his civil rights complaint as frivolous and for failure to state a claim. *See Morris*, 702

No. 15-40875

F.3d at 189.  Consequently, the judgment of the district court is affirmed.  The district court's dismissal of Dinn's complaint as frivolous and for failure to state a claim counts as a strike for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Dinn is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.